THE STATE OF OHIO, APPELLEE, *v.* CLIFF, APPELLANT.

(No. 68-346—Decided July 2, 1969.)

Mr. *C. Howard Johnson,* prosecuting attorney, and Mr. *David H. Bodiker,* for appellee.

Mr. *H. Alfred Glascor,* for appellant.

*Per Curiam.* Appellant contends that he did not intend to fire the gun or to kill the owner of the store. At

the trial, he testified that he was wearing fur-lined gloves, carrying a paper bag containing the money taken from the cash register, that at the time the shot was fired, using both hands, he was attempting to uncock or lower the hammer of the gun. Appellant contends that the judgment is against the manifest weight of the evidence. He cites paragraph four of the syllabus of *State* v. *Urbaytis,* 156 Ohio St. 271, urging "the Supreme Court * * * [to] examine the record to determine whether the evidence produced attains to that high degree of probative force and certainty which the law demands to support a conviction."

In *Urbaytis,* defendant, a former guardian, was indicted for embezzlement upon the ground that he had refused, after his removal as guardian, to surrender the guardianship funds to his successor. He claimed that he had delivered the funds to the ward in the presence of the ward's mother, and the ward and her mother so testified at the trial. Nonetheless, the trial judge found the defendant guilty of embezzlement, and the judgment of conviction was affirmed by the Court of Appeals, without a written opinion.

The *Urbaytis case* is not in any way relevant to the facts of this case. In *Urbaytis,* all the evidence against the defendant was circumstantial, and the only direct testimony in the case exculpated the defendant. Furthermore, defendant had waived a jury trial and was tried to the court.

The syllabus in *Urbaytis,* as quoted above, is more clearly understood in the light of the following paragraph from Justice Zimmerman's opinion, which appears at page 276:

"The state's case against the accused was built wholly on circumstantial evidence limited almost exclusively to proof of what had transpired in the Probate Court, which it must be conceded reflected no credit on Urbaytis. However there was no direct evidence that he had appropriated or converted his ward's funds to his own use or employed such funds to his own advantage. On the other hand, the accused produced two witnesses who swore positively and

unequivocally that he had delivered the funds to his ward, and it is to be noted that one of these witnesses was the ward to whom the funds belonged."

Justice Zimmerman went on to say, at page 278:

"Of course, neither in this case nor in any other criminal case should a reviewing court substitute its judgment for that of the trier of the facts on questions of fact, but a majority of this court upon perusal of the entire record is of the opinion that the evidence against the accused did not reach 'that high degree of probative force and certainty' which the law requires to justify conviction."

We would only add that this court would be even more hesitant to substitute its judgment where the trier of facts is a jury.

In *State* v. *Martin*, 164 Ohio St. 54, 57, Justice Matthias stated:

"It has been established, as a general policy, that the Supreme Court *will not* determine as to the weight of the evidence.

"This court may, however, examine the record with a view of determining whether the proper rules as to the weight of the evidence and degree of proof have been applied."

See, also, *State* v. *Stewart*, 176 Ohio St. 156, and *State* v. *Sheppard,* 165 Ohio St. 293.

However, in making such determination this court must decide whether the evidence supports the judgment according to the reasonable minds rule. This rule is set forth in the second paragraph of the syllabus in *State* v. *Swiger,* 5 Ohio St. 2d 151:

"Where from the evidence reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt, the question is one for determination by the jury. (Paragraph five of the syllabus of *State* v. *Antill*, 176 Ohio St. 61, followed.)"

In the instant case, appellant testified that he cocked his pistol before he went into the store. As Judge Troop, in his opinion for the Court of Appeals, said:

"* * * It must be presumed that Cliff intended the natural consequences of his voluntary act. There is little room for doubt that Cliff intended to hurt anyone who might stand in his way in the course of the robbery. The natural consequences of a gun, loaded and cocked, and aimed in the direction of a man, is the discharge thereof and possible resulting death."

The trial judge charged the jury not only on first degree murder, with and without recommendation of mercy, but on first degree manslaughter. If the jury had any doubt concerning the inference of intent, which the jury could properly infer from the actions of defendant as described by witnesses whom they chose to believe, they could have convicted appellant of the lesser included offense of manslaughter.

We find that appellant has received a full and thoughtful review of his assignment of error in the Court of Appeals, and that nothing in this case requires this court to weigh the evidence on the issue of intent.

*Judgment affirmed.*

TAFT, C. J., MATTHIAS, O'NEILL, SCHNEIDER, HERBERT and DUNCAN, JJ., concur.*

---

*This decision was made after the death of JUSTICE ZIMMERMAN and before the appointment of a successor.