JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant Kevin L. Krill appeals from a decision of the Parma Municipal Court finding him guilty of driving under a suspension, control of noise, and financial responsibility. On appeal, he claims the Village of Linndale ("Linndale") failed to establish that the offenses of which he was charged occurred within Linndale. Upon careful review, we reject these contentions and affirm the judgment of the trial court.
 {¶ 3} The record presented to us on appeal reveals that on November 23, 2001, defendant was stopped by Patrolman Don Sylvis of the Linndale Police Department for having a loud exhaust noise. Defendant was ultimately cited for driving under suspension in violation of Ord. §335.07A, control of noise and fumes in violation of Ord. § 337.20, and failure to show proof of insurance in violation of Ord. § 331.43.
 {¶ 4} The matter proceeded to a bench trial on August 26, 2002. Following Linndale's case, defense counsel moved to dismiss, arguing that Linndale had failed to establish venue and jurisdiction. These motions were denied by the court. Defendant was found guilty and required to pay a fine and court costs. His sentence was stayed pending appeal. He now appeals his convictions and raises a single assignment of error for our review.
 {¶ 5} "I. The trial court erred by not granting a Criminal Rule 29 dismissal as a matter of law as the trial court lacked venue and jurisdiction to make a finding of guilt as to defendant Kevin L. Krill."
 {¶ 6} In his sole assignment of error, defendant argues that the trial court erred in denying his motions for acquittal for lack of proof of venue and jurisdiction. Specifically, defendant argues that Linndale failed to prove that he committed any crime in the Linndale or that the streets on which he was cited were in Linndale. We disagree.
 {¶ 7} A trial court has broad discretion to determine the facts which would establish venue. Toledo v. Taberner (1989), 61 Ohio App.3d 791,793. In ruling upon a defendant's motion for acquittal made at the close of the State's case, the court may take judicial notice that the junction of a city street and the corporation line of the city are located within the county of venue. City of Middleburg Heights v. Milner (July 6, 2000), Cuyahoga App. No. 76499, citing State v. Collins (1977),60 Ohio App.2d 116, 125.
 {¶ 8} Here, Patrolman Sylvis testified that he observed the defendant's vehicle traveling on Peace Ave. at W. 119th and he stopped the defendant's vehicle at the intersection of West 120th Street and Bellaire after hearing a loud exhaust noise coming from his vehicle. Following defendant's motion for acquittal, the trial court noted that the location of the citation was in the Village of Linndale, Cuyahoga County, Ohio. (Tr. 12). Since the trial court was authorized pursuant to Evid.R. 201 to take judicial notice of that fact, venue was sufficiently established for purposes of defendant's convictions for driving under suspension, control of noise, and financial responsibility. Accordingly, the trial court did not err in denying the defendant's motions for acquittal.
 {¶ 9} Defendant's sole assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Parma Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J., and COLLEEN CONWAY COONEY, J.,concur.