DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, M.H., appeals from the judgment of the Wayne County Court of Common Pleas, Juvenile Division, which adjudicated him delinquent by reason of committing sexual imposition. This Court affirms.
 I. {¶ 2} On March 7, 2006, a complaint was filed alleging that M.H., age 16, was delinquent by reason of committing rape in violation of R.C.2907.02. An adjudicatory hearing was held before a magistrate on August 2, 2006. In his decision, the magistrate found that the State had not proven that M.H. committed rape. The magistrate, however, concluded that sexual imposition was a lesser *Page 2 
included offense of rape and that the State had proven the elements of sexual imposition beyond a reasonable doubt. M.H. objected to the magistrate's decision, arguing that sexual imposition was not a lesser included offense of rape. On September 11, 2006, the trial court overruled M.H.'s objections and set the matter for a hearing on disposition.
 {¶ 3} At the disposition hearing, the magistrate sentenced M.H. to indefinite probation and ordered him to undergo sex offender treatment. The magistrate also found that M.H. was a juvenile offender registrant. M.H. again objected to the magistrate's decision. M.H. argued that the statutes requiring his registration were inconsistent and deprived him of equal protection. On May 10, 2007, the trial court overruled M.H.'s objections and sentenced him accordingly. M.H. timely appealed the trial court's judgment, raising three assignments of error for review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ADJUDICATED [M.H.] DELINQUENT BY REASON OF SEXUAL IMPOSITION IN VIOLATION OF O.R.C. SECTION 2907.06(A)(1) OR (A)(2) AS A LESSER INCLUDED OFFENSE OF RAPE CHARGED UNDER O.R.C. SECTION 2907.02(A)(2), AFTER FINDING THE STATE HAD FAILED TO PROVE RAPE BEYOND A REASONABLE DOUBT." *Page 3 
 {¶ 4} In his first assignment of error, M.H. asserts that the trial court erred when it determined that sexual imposition was a lesser included offense of rape. This Court disagrees.
 {¶ 5} An offense is considered to be a lesser included offense of another if:
 "(i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." State v. Deem (1988), 40 Ohio St.3d 205, 209.
The parties agree that prongs one and three of the above test are met. Sexual imposition carries a lesser penalty than rape, and force is required to prove rape while it is not required to prove sexual imposition. Among Ohio's appellate districts, however, there is a split of authority on the second prong regarding whether rape can be committed without committing sexual imposition.
 {¶ 6} In State v. Collins (1977), 60 Ohio App.2d 116, the Third District concluded that sexual imposition was not a lesser included offense of rape.
 "It is basic to the existence of a lesser included offense that the proof of all of its elements is included within the required proof of the greater offense. The offense of * * * sexual imposition set forth in R.C. 2907.06(A)(1) and (A)(2) require[s] proof of knowledge of the offender of an ability or state of mind of the victim. Such proof is not required in proving the offense of rape set forth in R.C. 2907.02(A)(1) and the offense so set forth [is] not, therefore, [a] lesser included offense of that crime of rape." Id. at 127-28. *Page 4 
In contrast, in State v. Herron (Dec. 13, 1996), 2d Dist. No. 95-CA-23, the Second District concluded that sexual imposition was a lesser included offense of rape.
 "As noted in Collins, Sexual Imposition, as defined by R.C. 2907.06(A)(1), does require proof that the defendant has knowledge that the sexual contact is offensive to the victim, or is reckless in that regard. Unless a defendant voluntarily confesses that he knew his sexual contact was offensive, that knowledge can only be proved inferentially. We hold that any time force, or the threat of force, is used to achieve vaginal intercourse or any other sexual conduct, as defined in R.C. 2907.01(A), against the will of the victim, the sexual conduct is presumptively offensive to the victim, and the defendant is presumed to know that it is offensive to the victim, or to have been reckless in that regard. Consequently, Rape, as defined in R.C. 2907.02(A)(2), cannot be committed without the commission of the offense of Sexual Imposition, as defined in R.C. 2907.06(A)(1). We therefore conclude that * * * Sexual Imposition is a lesser-included offense of the offense of Rape[.]" Id.
Based upon the Second District's rationale and this Court's precedent, we agree with the conclusion reached in Herron.
 {¶ 7} The argument raised by M.H. herein would apply equally to an argument that sexual imposition is not a lesser included offense of gross sexual imposition. Specifically, the elements of gross sexual imposition do not explicitly include the mental element that M.H. claims differentiates sexual imposition from rape. However, this Court has found that
 "[s]exual imposition is a lesser included offense of gross sexual imposition. State v. Collier
(Jan. 18, 1989) 9th Dist. No. 13709 (noting that the difference between the two crimes is the additional element of force necessary in gross sexual imposition)[.]" State v. Saab, 9th Dist. No. 04CA008612, 2005-Ohio-3323, at ¶ 7. *Page 5 
Consequently, this Court has implicitly found that the mental element required by sexual imposition (knowing the sexual contact is offensive) is contained within the element of force required for the greater offense. Like the Second District in Herron, we find that to accomplish rape by force, the defendant presumptively knows that his act is offensive to the victim or is reckless in that regard. Rape, therefore, cannot be committed without also committing sexual imposition.
 {¶ 8} Finally, we cannot agree with the result reached by the dissent. While the mouth is not expressly listed as an erogenous zone, R.C.2907.01(B) notes that an erogenous zone includes certain listed areas "without limitation." Further, while the statute does not define erogenous zone, its common definition includes the following: "designating or of those areas of the body, as the genital, oral, and anal zones, that are particularly sensitive to sexual stimulation." Webster's New World Dictionary (3d Coll.Ed. 1988), 461. Consequently, we cannot agree with the dissent's conclusion that the victim's mouth is not an erogenous zone as defined under R.C. 2907.01(B).
 {¶ 9} Based on our analysis, the trial court did not err in finding that sexual imposition was a lesser included offense of rape. M.H.'s first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED BY CLASSIFYING [M.H.] AS A JUVENILE SEX OFFENDER REGISTRANT BECAUSE O.R.C. SECTIONS 2152.82 AND 2152.83 ARE IRRECONCILABLY INCONSISTENT." *Page 6 
 {¶ 10} In his second assignment of error, M.H. asserts that the trial court erred in finding him a juvenile sex offender registrant. Specifically, M.H. argues that his duty to register must be reversed because R.C. 2152.82 and R.C. 2152.83 are irreconcilably inconsistent. This Court disagrees.
 {¶ 11} In support of his argument, M.H. relies on State v. Volpe
(1988), 38 Ohio St.3d 191. In Volpe, the Ohio Supreme Court noted that if two criminal statutes proscribed the same conduct and provided for different penalties, then both statutes could not be construed to be given effect. Id. at 193. R.C. 2152.82 and R.C. 2152.83 do not present such a problem.
 {¶ 12} R.C. 2152.82 requires the trial court to label an offender as a juvenile offender registrant if the offender 1) is fourteen, fifteen, sixteen, or seventeen, 2) has committed an offense that is not registration exempt, and 3) has previously been convicted of a sex offense. R.C. 2152.82(A)(1)-(3). If those three elements are not met, R.C. 2152.82 is not applicable.
 {¶ 13} R.C. 2152.83 requires the trial court to label an offender as a juvenile offender registrant if the offender 1) is sixteen or seventeen, 2) has committed an offense that is not registration exempt, and 3) was not labeled a registrant under R.C. 2152.82. R.C. 2152.83(A)(1)(a)-(c). In effect, R.C. 2152.83 requires that any sixteen or seventeen year old who commits an offense that is not registration exempt be labeled a juvenile offender registrant regardless of a prior history of convictions. *Page 7 
 {¶ 14} Nothing about R.C. 2152.82 and R.C. 2152.83 is inconsistent. "The two statutes are simply partly redundant." In re Thomas, 8th Dist. Nos. 83579, 83580, 2004-Ohio-6415, at ¶ 14. Both statutes require that a sixteen or seventeen year old that has committed a non-registration exempt offense be labeled a juvenile offender registrant. R.C. 2152.82
requires this finding if the offender has previously committed a non-registration exempt offense. If the trial court makes this finding, it does not proceed under R.C. 2152.83. See R.C. 2152.83(A)(1)(c). If the sixteen or seventeen year old does not have a prior conviction, R.C.2152.83 is applicable and the court must label the offender. The legislature could have simply required that all offenders sixteen or seventeen years old that commit a registration offense be labeled and limited R.C. 2152.82 to offenders who were fourteen or fifteen. By causing R.C. 2152.83 to be considered only in the event that R.C.2152.82 is inapplicable, the legislature made the statutes complementary. Nothing about that choice by the legislature, however, makes the statutes inconsistent.
 {¶ 15} M.H.'s second assignment of error is overruled.
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED BY CLASSIFYING [M.H.] AS A JUVENILE OFFENDER REGISTRANT BECAUSE O.R.C. SECTION 2152.83 AND CHAPTER 2950 DENY EQUAL PROTECTION TO JUVENILES AGED 16 OR 17 YEARS OLD." *Page 8 
 {¶ 16} In his final assignment of error, M.H. argues that R.C. 2152.83
violates his right to equal protection under the Ohio and U.S. Constitutions. This Court disagrees.
 {¶ 17} The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution states that no state shall deny to any person the equal protection of the laws. It prevents a state from treating people differently under its laws on an arbitrary basis. Harper v.Virginia State Bd. of Elections (1966), 383 U.S. 663, 681. An equal protection claim arises, therefore, only in the context of an unconstitutional classification made by a state, i.e., when similarly situated individuals are treated differently. Conley v. Shearer (1992),64 Ohio St.3d 284, 288-289. Accordingly, a law that operates identically on all people under like circumstances will not give rise to an equal protection violation. Id. at 289.
 {¶ l8} In his argument, M.H. has not identified any similarly situated individuals who are treated differently under Ohio's registration law. M.H. notes that sexual imposition committed by an adult on another adult is presumptively registration exempt. See R.C. 2950.01(P)(1)(a). M.H. also asserts that sexual imposition committed by a juvenile on an adult is likewise presumptively registration exempt. See id. Finally, M.H. states that sexual imposition committed by a juvenile on another juvenile requires registration. M.H. argues that this statutory scheme violates equal protection. This Court disagrees. *Page 9 
 {¶ 19} Ohio law does not contain a presumptively registration exempt provision for any sexually oriented offense in which the victim is a juvenile. Ohio law, requiring registration when a victim is a juvenile regardless of the age of the defendant, is applied equally to all persons. M.H., therefore, has failed to demonstrate that Ohio law treats similarly situated persons differently.
 {¶ 20} To the extent that M.H. has argued that treating juvenile and adult victims differently is arbitrary, we cannot agree. The legislature specifically found that those who commit sex offenses against child victims "pose a risk of engaging in further sexually abusive behavior even after being released from imprisonment, a prison term, or other confinement or detention, and protection of members of the public from sex offenders and offenders who commit child-victim oriented offenses is a paramount governmental interest." R.C. 2950.02(A)(2). We note that the legislature's rationale is not likely as strong when dealing with facts such as these. M.H., a sixteen-year old, was convicted of sexual imposition involving a thirteen-year old victim. While the risks posed by an offender under these facts may be lesser than when an adult preys on a child, we cannot say they are nonexistent. We, therefore, find that the legislature had sufficient reason to treat crimes involving child victims differently than crimes involving adult victims.
 {¶ 21} M.H.'s third assignment of error is overruled. *Page 10 
 III. {¶ 22} M.H.'s assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
 DICKINSON, J. CONCURS *Page 11