The STATE of Ohio, Appellee,

v.

LOVELL, Appellant. (Two Cases.)

[Cite as *State v. Lovell*, 157 Ohio App.3d 227, 2004-Ohio-2617.]

Court of Appeals of Ohio,
Third District, Seneca County.

Nos. 13–04–01 and 13–04–02.

Decided May 24, 2004.

228

Richard H. Palau, Tiffin Assistant City Prosecutor, for appellee.

David A. Lovell, pro se, for appellant.

CUPP, Judge.

{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Loc.R. 12(5), to issue a full opinion in lieu of a judgment entry.

{¶ 2} Defendant-appellant, David A. Lovell, appeals from a Tiffin Municipal Court judgment convicting him of failure to control a vehicle. Lovell also appeals from the state's dismissal of a charge of driving under a suspended license ("DUS"). Both appeals have been consolidated and will be considered together in the appeal before us.

{¶ 3} In appeal of case No. 13–04–02, Lovell challenges his conviction for failure to control a vehicle. Although charged with reckless operation of a vehicle under R.C. 4511.20, Lovell was found guilty by the trial court of failure to control a vehicle under R.C. 4511.202 as a lesser included offense. Determining that failure to control is not a lesser included offense of reckless operation under the applicable statutes and case law, we must reverse the judgment of the trial court.

{¶ 4} In November 2002, the Seneca County Sheriff's Office received a report that there had been a traffic accident on State Route 224 in Clinton Township, Seneca County, Ohio. An officer arrived on the scene and observed a light-colored Chevrolet automobile stuck in a ditch. The driver of the Chevrolet was Lovell, and he was attempting to drive the automobile out of the ditch. The officer spoke to a witness who had observed Lovell drive off the right side of the road at about 45 miles per hour.

{¶ 5} Based on the officer's observations and the witness's statement, Lovell was charged with driving under a suspended license in violation of R.C. 4507.02(D) and with reckless operation of a vehicle in violation of R.C. 4511.20. He pled not guilty to both charges and a trial date was set. Prior to the trial, the state dismissed the charge of driving under a suspended license. In December 2003, a trial was held on the sole remaining charge of reckless operation of a vehicle. After a bench trial, Lovell was found not guilty of reckless operation but guilty of failure to control a vehicle in violation of R.C. 4511.202. Lovell was sentenced to pay a $100 fine plus costs. From this judgment, Lovell appeals, presenting the following assignment of error for our review:

### Assignment of Error

"As described in statement of case—facts, it is evident that the following error(s) of the court procedure(s) occurred.

" : O Const I § 10—states 'In any trial, in any course, the party accused shall be allowed to appear and defend in person with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof.' As the court['s] noncompliance with this segment of rights, I contend the trial court/ procedures to be in error: exhibiting improper methods are [sic] in direct contrast with this stated constitutional right of a defendant.

": Const. Amendment V; 'double jeopardy' states 'nor shall any person be subject for the same offense to be put twice in jeopardy' exhibited by the court['s] implicating of the additional charge of I § 4511.202 operating a motor vehicle without reasonable control.

"I indicate this, too, as error of the court in that: regardless of the similarities of such alleged offenses, the initial charge was ruled out/ non guilty: any revisions inserted in place to secure an implication to violation is not only improper, but in direct violation of the double jeopardy clause.

": [T]he previously indicated issue/error pertaining to inappropriate costs, as addressed prior, is declined and requires no further attention."

{¶ 6} In his sole assignment of error, Lovell asserts that it was error for the trial court to convict him of failure to control a vehicle without that charge being included in the complaint. Although Lovell's assignment of error confusingly and erroneously uses the term "double jeopardy," he confirmed at oral argument before this court that the basis of his appeal is that he was convicted of failure to control a vehicle without being formally charged with it. Thus, we will address this appeal based upon the underlying notion of whether Lovell's conviction violated his constitutional right to notice of the charges brought against him. It is the state's contention that failure to control is a lesser included offense of

**230**

reckless operation of a vehicle and that Lovell's constitutional right to notice was not violated.

{¶ 7} Criminal defendants have a basic constitutional due process right to notice of the offense charged. *State v. Watson*, 154 Ohio App.3d 150, 2003-Ohio-4664, 796 N.E.2d 578, at ¶ 17, citing *Schmuck v. United States* (1989), 489 U.S. 705, 717–718, 109 S.Ct. 1443, 103 L.Ed.2d 734. "It is ancient doctrine of both the common law and of our Constitution that a defendant cannot be held to answer a charge not contained in the indictment brought against him." *Schmuck*, 489 U.S. at 717, 109 S.Ct. 1443, 103 L.Ed.2d 734 (citations omitted); see, also, *State v. Stewart*, 2d Dist. No. 19309, 2003-Ohio-214, 2003 WL 139971, at ¶ 7. However, if the offense is a lesser included offense of the crime the defendant is charged with, notice is presumed. *State v. Deem* (1988), 40 Ohio St.3d 205, 210, 533 N.E.2d 294; *State v. Schmidt* (1995), 100 Ohio App.3d 167, 171, 652 N.E.2d 254; Crim.R. 31(C).

{¶ 8} Herein, Lovell was charged with reckless operation of a vehicle in violation of R.C. 4511.20. At trial, he was found not guilty of that charge. Nevertheless, without any additional formal charges being filed against him, the trial court convicted Lovell of failure to control a vehicle in violation of R.C. 4511.202. The state maintains that this was proper because failure to control, as defined by statute, is a lesser included offense of reckless operation, as defined by statute. After an analysis of the applicable case law and statutes, we must conclude otherwise.

{¶ 9} The test to determine whether one offense is a lesser included offense of another was set out in *State v. Deem*. This test states that "[a]n offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." *Deem* at paragraph three of the syllabus. Applying the *Deem* test to the applicable statutes before us, we find that failure to control a vehicle is not a lesser included offense of reckless operation of a vehicle.

{¶ 10} R.C. 4511.20, the reckless operation statute, states:

"(A) No person shall operate a vehicle, trackless trolley, or streetcar on any street or highway in willful or wanton disregard of the safety of persons or property.

"(B) Except as otherwise provided in this division, whoever violates this section is guilty of a minor misdemeanor. If, within one year of the offense, the offender previously has been convicted of or pleaded guilty to one predicate

motor vehicle or traffic offense, whoever violates this section is guilty of a misdemeanor of the fourth degree. If, within one year of the offense, the offender previously has been convicted of two or more predicate motor vehicle or traffic offenses, whoever violates this section is guilty of a misdemeanor of the third degree."

{¶ 11} R.C. 4511.202, the failure to control statute, provides:

"(A) No person shall operate a motor vehicle, trackless trolley, or streetcar on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle, trolley, or streetcar.

"(B) Whoever violates this section is guilty of operating a motor vehicle without being in control of it, a minor misdemeanor."

{¶ 12} Under the first prong of the *Deem* test, the lesser included offense must carry a lesser penalty than the greater offense. It appears, at first glance, that failure to control and reckless operation fail to satisfy this first prong. The statutes state that both crimes constitute minor misdemeanors and would be subject to the same penalties. However, the penalty for a violation of reckless operation increases if the defendant has committed other predicate acts within a certain time span. Therefore, it is possible that under certain circumstances a violation of the failure to control statute would carry a lesser penalty than a violation of the reckless operation statute. But even if these statutes could arguably in some instances satisfy the first prong of the *Deem* test, an analysis of *Deem's* second prong independently establishes that failure to control is not a lesser included offense of reckless operation.

{¶ 13} Under *Deem's* second prong, it must be determined that the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed. A reviewing court must evaluate the statutes under this prong in the abstract and not under the specific factual circumstances in the case then before it. *State v. Barnes* (2002), 94 Ohio St.3d 21, 26, 759 N.E.2d 1240. Looking at the statutory definition of both offenses, it is clear that reckless operation can be committed without failure to control also being committed.

{¶ 14} Under the Ohio Revised Code, reckless operation is the operation of a vehicle on a street in a manner which willfully or wantonly disregards the safety of persons or property. Failure to control, on the other hand, requires that a vehicle be operated on a street without reasonable control. It is not without reason that a person could operate a vehicle on a street in a willful or wanton manner and yet be in control of the vehicle. For example, one who purposefully steers a vehicle towards another person or oncoming vehicle has control over the vehicle but operates it recklessly. As defined under the Ohio Revised Code, the

reckless operation of a vehicle does not necessarily include a failure to control the vehicle. Therefore, under the test established in *Deem*, failure to control a vehicle cannot be a lesser included offense of reckless operation of a vehicle.

{¶ 15} In support of the contention that failure to control is a lesser included offense of reckless operation, the state cites an unreported case out of the Fourth District, *State v. Stratton* (Sept. 13, 1988), 4th Dist. No. 680, 1988 WL 93676, * 1. The assertion by the court in *Stratton* that failure to control is a lesser included offense of reckless operation appears only in dicta, and the court reached its conclusion without conducting a proper *Deem* analysis. Furthermore, this very same district later applied the *Deem* test and specifically found that failure to control was *not* a lesser included offense of reckless operation. *In re Hedrick* (Mar. 1, 2001), 4th Dist. No. 00CA697, 2001 WL 243239, * 3.

{¶ 16} Accordingly, it was error for the trial court to convict Lovell of failure to control a vehicle without that crime being formally charged in the complaint. Lovell's assignment of error is sustained, the judgment of the trial court convicting him of a violation of R.C. 4511.202 is reversed, and the cause is remanded.

{¶ 17} Regarding the appeal in case No. 13–04–01, the DUS charge, nowhere in his appellate brief has Lovell established that the dismissal of this charge affects a substantial right thereby giving rise to a final appealable order. R.C. 2505.02(B). Furthermore, he has failed to provide any assignment of error referencing the dismissal or any error caused by the dismissal as required by App.R. 16(A)(3). Accordingly, we are unable to find any grounds upon which an appellate decision can be issued regarding this matter. Therefore, Lovell's appeal in case No. 13–04–01 is dismissed.

{¶ 18} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court in case No. 13–04–02 and remand the matter for further proceedings consistent with this opinion. Furthermore, the cause in case No. 13–04–01 is dismissed.

Judgment in case No. 13–04–02
is reversed
and the appeal in case No. 13–04–01
is dismissed.

SHAW, P.J., and THOMAS F. BRYANT, J., concur.