[Cite as *OCWEN Loan Servicing v. Prater*, 2012-Ohio-4879.]

### IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### MARION COUNTY

OCWEN LOAN SERVICING, LLC,

    PLAINTIFF-APPELLEE,          CASE NO. 9-12-23

    v.

JAMES PRATER, AKA
JIM PRATER, ET AL.,              O P I N I O N

    DEFENDANTS-APPELLANTS.

Appeal from Marion County Common Pleas Court
Trial Court No. 2011 CV 0577

Appeal Dismissed

Date of Decision: October 22, 2012

APPEARANCES:

    *Brian K. Duncan and Bryan D. Thomas* for Appellants

    *David M. Gauntner and Antonio J. Scarlato* for Appellee

**SHAW, P.J.**

{¶1} Defendants-appellants, James and Deborah Prater (collectively referred to as the "Praters"), appeal the January 10, 2012 judgment of the Marion County Court of Common Pleas granting the motion for default judgment filed by plaintiff-appellee, Ocwen Loan Servicing, LLC ("Ocwen"), and ordering the foreclosure and sale of the property on which the Praters had executed a mortgage.

{¶2} On August 22, 2011, Ocwen filed a complaint for foreclosure alleging the Praters to be in default on a mortgage they executed to purchase the property located at 816 Catalina Drive in Marion, Ohio.

{¶3} On October 21, 2011, the Praters were successfully served with notice of the complaint.

{¶4} On December 27, 2011, Ocwen filed a motion for default judgment.

{¶5} On January 10, 2012, the trial court granted Ocwen's motion for default judgment and ordered the foreclosure and sale of the property, which was scheduled to take place on May 18, 2012. However, the Clerk of Courts did not serve notice of the judgment on the parties pursuant to Civ.R. 58(B) until March 15, 2012, which then began the time for appeal. *See* App.R. 4(A).

{¶6} On March 26, 2012, counsel for the Praters filed a notice of appearance.

{¶7} On April 13, 2012, the Praters filed "Defendants', James Prater and Deborah Prater, Combined Motion To Vacate This Court's January 10, 2012 Judgment Entry; Motion For Leave To Respond Or Plead To Plaintiff's Complaint; and Motion For Stay Of Post Judgment Proceedings, Including But Not Limited To, The Sheriff's Sale Set For Friday, May 18, 2012," (referred to as "motion to vacate judgment"). In an attached memorandum, the Praters asserted that they were entitled to relief from judgment on the grounds enumerated in Civ.R. 60(B)(1) and (5). The Praters also requested that the trial court stay all post-judgment proceedings until the trial court ruled on their motion to vacate judgment.

{¶8} On April 16, 2012, three days after filing their motion to vacate judgment, the Praters filed their notice of appeal in this case. The Praters attached to their notice of appeal the trial court's January 10, 2012 judgment granting Ocwen's motion for default judgment and ordering the foreclosure and sale of the property.

{¶9} On April 26, 2012, the Clerk of Courts certified the record for our consideration on appeal.

{¶10} The following assignments of error are now asserted by the Praters.

## ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ERRED WHEN IT FAILED TO VACATE ITS JANUARY 10, 2012 JUDGMENT ENTRY BASED ON CIV.R. 60(B)(1) AND/OR (5), AS DEFENDANTS FILED THEIR MOTION TO VACATE ON APRIL 13, 2012.**

## ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT ERRED WHEN IT FAILED TO VACATE ITS JANUARY 10, 2012 JUDGMENT ENTRY PURSUANT TO THE TRIAL COURT'S POLICY AND "LONGSTANDING PRACTICE" WITH RESPECT TO ADJUDICATING MATTERS ON THEIR MERITS AS OPPOSED TO PROCEDURAL DEFECTS.**

## ASSIGNMENT OF ERROR NO. III

**THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO CONDUCT AN EVIDENTIARY HEARING ON DEFENDANTS' MOTION TO VACATE FILED ON APRIL 13, 2012.**

## ASSIGNMENT OF ERROR NO. IV

**THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO ADDRESS, OR EVEN CONSIDER, ALLEGATIONS OF OPERATIVE FACTS WHICH DEMONSTRATE THAT DEFENDANTS WERE ENTITLED TO RELIEF UNDER CIV.R. 60(B) AND NOT ISSUING A JUDGMENT ENTRY ON DEFENDANTS' MOTION TO VACATE FILED ON APRIL 13, 2012.**

*First, Second, Third and Fourth Assignments of Error*

{¶11} On appeal, the Praters' assignments of error pertain to the trial court's handling of their motion to vacate judgment. However, the docket reflects

that the trial court has not yet ruled on this motion. The notice of appeal filed in this case only references the trial court's January 10, 2012 default judgment. Thus, the trial court's judgment entry granting default judgment is the only judgment properly before us on appeal. Nevertheless, the Praters have not assigned *any* error to that judgment. The failure to provide any assignment of error relating to the judgment on appeal as required by App.R. 16(A)(3) is grounds for dismissal. *See* App.R. 12(A)(2); *see also State v. Lovell*, 157 Ohio App.3d 227, 232, 2004-Ohio-2617, ¶ 17 (3d Dist. 2004).

{¶12} Moreover, the filing of a notice of appeal deprives the trial court of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment. *Howard v. Catholic Soc. Serv. of Cuyahoga Cty., Inc*., 70 Ohio St.3d 141 (1994). Jurisdiction may be conferred on the trial court only through an order by the reviewing court remanding the matter for consideration of the Civ.R. 60(B) motion. *Id*. No such remand was requested by the Praters in this case. Therefore, the trial court was divested of jurisdiction to rule on the Praters' motion to vacate judgment because they filed their notice of appeal a mere three days after they filed the motion. Consequently, the trial court no longer retained jurisdiction to rule on the Praters' motion to vacate judgment. Thus, the assignments of error raised by the Praters' regarding this motion are premature and not ripe for our review.

{¶13} Accordingly, for all these reasons we are unable to find any grounds upon which an appellate decision can be issued regarding this matter and the appeal is therefore dismissed.

*Appeal Dismissed*

**PRESTON and ROGERS, J.J., concur.**

**/jlr**