OPINION
{¶ 1} Defendant-appellant, Joseph Stricker, appeals from a judgment of the Franklin County Court of Common Pleas, entered on a jury verdict, finding defendant guilty of one count of sexual battery, in violation of R.C. 2907.03. Because the trial court properly instructed the jury on the lesser included offense of sexual battery, we affirm.
 {¶ 2} On August 22, 2002, defendant was indicted on one count of rape, in violation of R.C. 2907.02, that allegedly occurred on January 14, 2000, per the amended indictment. Defendant entered a not guilty plea. A jury trial commenced on May 26, 2003.
 {¶ 3} According to the state's evidence, late in the afternoon or early evening of January 14, 2000, the victim and her friends, Sara, Annie and Annie's boyfriend John, drove from Logan to Columbus so Sara could see her boyfriend Brad, who was staying in defendant's apartment. At the time, the victim was a 17-year-old high school student. When the group arrived at the apartment, defendant and Brad were there; none of the girls previously had met defendant. The six of them played video games, drank alcohol, and smoked marijuana until eventually the group paired off into couples and began "making out." (Tr. 76.) Sara and Annie testified that the victim was making out with defendant on the couch in the living room until the victim and defendant went into defendant's bedroom. Annie and John remained in the living room, while Sara and her boyfriend went into the bathroom to make out.
 {¶ 4} The victim testified she did not remember making out with defendant or going into the bedroom with him. She remembered sitting on the couch in the living room, drinking, smoking marijuana, and then waking up in the darkened bedroom with her clothes off. Defendant was lying naked on top of her, holding her hands above her head and getting ready to have sex with her. The victim testified she repeatedly told defendant no, but he did not respond and proceeded to have vaginal intercourse with her. She stated that Sara opened the door and then turned around and went back out. The victim testified that defendant then got up, turned on the lights, and left the room.
 {¶ 5} The victim stated she went to the bathroom, noticed that she was bleeding from her vagina, called for Sara to bring her purse, and told Sara they needed to leave. Sara and Annie both testified that the victim appeared visibly upset and anxious to leave. On the way home to Logan, the victim, who was crying and upset, told Sara that defendant had forced her to have sex and would not listen to her when she told him no. The next evening, after her mother inquired why she had arrived home so late the night before, the victim told her what had happened. The victim's mother took her to the hospital, where a sexual assault examination was performed. A complaint concerning the incident was filed shortly thereafter with the police.
 {¶ 6} Defendant, who was the sole witness to testify for the defense, stated that he was 20 years old at the time of the alleged sexual assault. He testified that the victim and her friends arrived at his apartment at approximately 5:30 or 6:00 p.m. and began drinking and smoking marijuana. He stated that he began making out with the victim around 8:00 p.m., and then went into the bedroom with her where they continued kissing and making out on the bed. Defendant testified that he started removing the victim's clothes without her resistance, removed his own clothes, and engaged in oral sex and intercourse with the victim. Defendant denied that he held the victim down and forced sex on her at any time during the evening. According to defendant, he was in the bedroom with the victim for approximately 30 minutes, after which he went into the living room, and the victim went into the bathroom. Defendant testified that after the victim came out of the bathroom, the group sat around for 15 or 20 minutes, the complainant gave him her telephone number, and the group left. On cross-examination, defendant testified that the victim did not appear to be upset or frightened when she came out of the bathroom.
 {¶ 7} Neither John nor Brad, who were at defendant's apartment at the time of the alleged incident, testified at the trial. At the close of the evidence, the court instructed the jury on the offense of rape as defined in R.C. 2907.02(A)(1)(c), which defines rape where the victim has a substantially impaired ability to resist or consent, and R.C.2907.02(A)(2), which involves rape by use of force or threat of force. Over defense counsel's objection, the court also instructed the jury on the crime of sexual battery as defined in R.C. 2907.03(A)(1), which concerns an offender who coerces the victim to engage in sexual conduct, and R.C. 2907.03(A)(2), which addresses an offender who knows the victim has an impaired ability to appraise or control the victim's own conduct. The jury found defendant not guilty on the charge of rape but guilty of sexual battery. Defendant subsequently was sentenced to three years of imprisonment for the sexual battery conviction; the court found defendant was not a sexual predator.
 {¶ 8} Defendant appeals, assigning the following errors:
Assignment of error number one
The trial court erred when it instructed the jurors, over objection, that they could find the defendant guilty of sexual battery as a lesser-included offense of rape when the defendant was never charged with sexual battery and the sexual battery charges, as given to the jury, are not lesser-included offenses of the rape charges as set forth in the indictment.
Assignment of error number two
The trial court erred when it overruled the defendant's motion to dismiss for the lack of a speedy trial caused by an unjustified pre-indictment delay that resulted in prejudice to the defendant. the trial court further erred when it either failed to hold a hearing on the defendant's motion to dismiss or to have the hearing recorded as required by Crim.R. 22.
Assignment of error number three
The trial court erred when it allowed the complainant's mother to express her opinion that the complainant was telling the truth about the incident.
 {¶ 9} In his first assignment of error, defendant asserts the trial court erred in instructing the jury, over defendant's objection, on the offense of sexual battery because the indictment charged defendant only with rape. Defendant contends that as a result of the court's instruction, he was deprived of his constitutional right to fair notice of a crime upon which he was to be tried.
 {¶ 10} A criminal defendant has a constitutional right to notice of the offenses charged against him. State v. Deem (1988), 40 Ohio St.3d 205,210; State v. Watson, 154 Ohio App.3d 150, 2003-Ohio-4664, at ¶ 17, citing Schmuck v. United States (1989), 489 U.S. 705, 717-718,109 S.Ct. 1443; State v. Lovell, Seneca App. No. 13-04-01,2004-Ohio-2617, at ¶ 7. "[A] defendant cannot be held to answer a charge not contained in the indictment brought against him." Schmuck, at 717. Notice nevertheless is presumed where the offense is a lesser included offense of the crime charged in the indictment. Lovell, supra; State v.Schmidt (1995), 100 Ohio App.3d 167, 171. Thus, if the offense of sexual battery, on which the trial court instructed, is a lesser included offense of rape charged in the indictment, defendant was not deprived of his constitutional right to notice.
 {¶ 11} Defendant contends that neither of the statutory grounds for sexual battery that the trial court instructed upon are lesser included offenses of rape in the form the indictment charged and as the trial court instructed the jury. As a result, defendant contends, the trial court erred in instructing the jury on sexual battery.
 {¶ 12} Preliminarily, we note that the state asserts this issue must be reviewed under the "plain error" standard because defense counsel did not object that sexual battery is not a lesser included offense of rape. The record, however, reflects that defense counsel objected to the trial court's issuance of sexual battery instructions, arguing that sexual battery was not a statutorily lesser included offense of rape and that the evidence did not support a sexual battery instruction. Defense counsel's objection was entirely proper in preserving this issue for our review on appeal.
 {¶ 13} An offense may be a lesser included offense of another if (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense. Deem, at paragraph three of the syllabus.
 {¶ 14} The first requirement of the test is satisfied because the offense of sexual battery carries a lesser penalty than the offense of rape; sexual battery is a third-degree felony and rape is a first-degree felony. See R.C. 2907.03(B) and 2907.02(B), respectively. Defendant argues, however, that the offense of sexual battery by coercion, set forth in R.C. 2907.03(A)(1), is not a lesser included offense of forcible rape, as set forth in R.C. 2907.02(A)(2), because the sexual battery provision contains elements not found in the greater offense of rape.
 {¶ 15} Sexual battery as defined in R.C. 2907.03(A)(1) states that "[n]o person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution." Forcible rape, defined in R.C. 2907.02(A)(2), states that "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." Subsection (G) of the rape statute further provides that "[i]t is not a defense to a charge under division (A)(2) of this section that the offender and the victim were married or were cohabitating at the time of the commission of the offense." R.C.2907.02(G).
 {¶ 16} The Ohio Supreme Court found sexual battery by coercion, as defined in R.C. 2907.03(A)(1), to be a lesser included offense of forcible rape, as defined in former R.C. 2907.02(A)(1). State v. Wilkins
(1980), 64 Ohio St.2d 382, 385-386. Defendant argues that Wilkins no longer is applicable because the forcible rape statute, by amendment in 1986, no longer requires that the state prove the victim was "not the spouse of the offender," while the sexual battery by coercion statute retains this requirement that existed when Wilkins was decided. SeeWilkins, at 385. Thus, defendant contends, because the sexual battery by coercion statute requires that the prosecution prove an element not found in the forcible rape statute, sexual battery by coercion cannot be a lesser included offense of forcible rape.
 {¶ 17} Contrary to defendant's contention, a showing that the alleged victim was not the spouse of the offender at the time of the alleged offense is not an element to be proved in establishing the commission of the offense. Rather, it is a defense, commonly referred to as the "marital privilege," "marital defense" or "spousal exemption," which a defendant may raise in certain legislatively prescribed circumstances involving alleged sexual misconduct. See State v. Rittenhour (1996),112 Ohio App.3d 219, 221, appeal not allowed, 77 Ohio St.3d 1486. See, generally, the extensive discussion of this subject in Lane v. State
(1997), 703 A.2d 180; State v. Scott (1987), 525 A.2d 1364. The fact that the "marital defense," or rather its abrogation, is now contained in R.C. 2907.02(G) rather than in the body of the forcible rape provision itself, as when Wilkins was decided, does not affect Wilkins' continued viability because the statutory elements of the offenses have remained substantively identical. State v. Wilson (Apr. 2, 1997), Lorain App. No. 96CA006412, appeal not allowed, 79 Ohio St.3d 1458. Cf. former R.C.2907.02(A)(1) with 2907.02(A)(2) that has been in effect since the time of this offense. Defendant's attempt to distinguish Wilkins on this basis is unavailing.
 {¶ 18} Defendant next contends that other elements of proof for sexual battery by coercion are not found within the offense of forcible rape, and thus sexual battery is not a lesser included offense of forcible rape. Specifically, defendant argues that (1) the "coercion" element of sexual battery is broader than and thus is not contained within the element of "force or threat of force" required for forcible rape, and (2) the state is required to prove that the coercion used in sexual battery "would prevent resistance," an element of proof not required to prove forcible rape. Defendant asserts that, to the extent it holds otherwise,Wilkins was wrongly decided.
 {¶ 19} We acknowledge that the remainder of our discussion of whether R.C. 2907.03(A)(1) is a lesser included offense of R.C. 2907.02(A)(2) applies the analysis Wilkins used in addressing those other elements of sexual battery and rape, an analysis that appears to deviate at times from the test Wilkins enunciates. Because, however, the analysis of those elements is critical to the syllabus holding of Wilkins, we are compelled to apply the language of Wilkins to defendant's assigned error. We nonetheless urge the Supreme Court to review these issues to bring clarity to an otherwise difficult application of Supreme Court precedent.
 {¶ 20} In Wilkins, the Ohio Supreme Court states:
* * * [T]he definition of sexual battery differs from the definition of rape in two respects. A rape occurs only if the perpetrator purposely compels the other to submit by force or threat of force. A sexual battery occurs if the perpetrator knowingly coerces the other to submit by any means which would prevent resistance by a person of ordinary resolution.
Force or the threat of force will always constitute coercion that would prevent resistance by a person of ordinary resolution. * * *
Id. at 385.
 {¶ 21} The court then continues:
Because proof of purpose is always sufficient to prove knowledge, and because force or threat of force always constitutes coercion which would prevent resistance by a reasonable person, the offense of rape as definedin [former] R.C. 2907.02(A)(1) [now R.C. 2907.01(A)(2)] cannot becommitted without the offense of sexual battery as defined in R.C.2907.03(A)(1) also being committed.
(Emphasis added.) Id. at 386.
 {¶ 22} Because the Ohio Supreme Court has explicitly found sexual battery under R.C. 2907.03(A)(1) to be a statutorily lesser included offense of forcible rape under former R.C. 2907.02(A)(1), which is substantively identical to R.C. 2907.02(A)(2) in effect here, the trial court did not err in determining that sexual battery by coercion is a lesser included offense of forcible rape. Wilkins, supra. See, also,Wilson, supra, and State v. Scarborough (Nov. 18, 1991), Warren App. No. CA91-01-012, relying on Wilkins.
 {¶ 23} However, "[t]he mere fact that an offense can be a lesser included offense of another offense does not mean that a court must instruct on both offenses where the greater offense is charged."Wilkins, at 387. Rather, an instruction on a lesser included offense should only be given where the evidence warrants such an instruction.State v. Clark (1988), 38 Ohio St.3d 252, 255, certiorari denied (1989),489 U.S. 1071, 109 S.Ct. 1355. That is, "[e]ven though an offense may be statutorily defined as a lesser included offense of another, a charge on such lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v.Raglin (1998), 83 Ohio St.3d 253, 257, certiorari denied (1999),525 U.S. 1180, 119 S.Ct. 1118, quoting State v. Thomas (1988),40 Ohio St.3d 213, paragraph two of the syllabus, certiorari denied (1989), 493 U.S. 826, 110 S.Ct. 89; Wilkins, at 388.
 {¶ 24} Defendant argues that an instruction on sexual battery by coercion was not warranted in this case because the state presented no evidence at trial that any coercion other than force was used. Thus, defendant contends, if the jury found that force was not used, it would have had to acquit defendant not only of forcible rape, but also of sexual battery by coercion.
 {¶ 25} The Ohio Supreme Court has observed that "[c]oercion for purposes of sexual battery is broader than the force required to prove rape and necessarily includes all uses of force. Force is not required to prove coercion." Wilkins, at 386. However, assuming that no form of coercion other than force was used in the present case, the determinative question is whether the jury could find that, although defendant used force, his actions constituted sexual battery rather than forcible rape. In Wilkins, the court explained that even where force is present, a person may act knowingly, the mens rea required for sexual battery under R.C. 2907.03(A)(1), but not purposely, the mens rea required for rape under R.C. 2907.02(A)(1), now subsection (A)(2):
It is possible for a person to compel another to engage in sexual conduct by force or threat of force knowingly but not purposely. A personcould subjectively believe that there is consent where there is none, andin using his strength could coerce another to submit by force. In such acase he would not intend to do the prohibited act. However, if he is aware of the circumstances that probably exist and that under such circumstances there probably is no consent he would have knowingly coerced another to engage in sexual conduct by force. * * *
(Emphasis added.) Wilkins, at 386-387. Thus, "the crucial distinction between rape and sexual battery is not force, but the mental state of the defendant." State v. Byrd, Cuyahoga App. No. 80609, 2002-Ohio-5838, at ¶ 37, citing State v. Tolliver (1976), 49 Ohio App.2d 258; Wilkins,
supra.
 {¶ 26} Here, defendant denied that he raped the victim and claimed that any sexual conduct between him and the victim was consensual. Based upon the evidence, the jury could have reasonably found that defendant subjectively believed the victim consented when, in fact, she had not, but that defendant nevertheless used his strength to engage in sexual conduct with the victim. Under the reasoning of Wilkins, such evidence would support the jury's verdict finding defendant guilty of sexual battery and acquitting defendant of forcible rape. Scarborough, supra. Alternatively, the jury could have reasonably found defendant guilty of sexual battery and acquitted him of forcible rape if it found defendant knowingly coerced the victim by force, regardless of purpose. See Byrd,
supra. Accordingly, the trial court's instruction to the jury on sexual battery under R.C. 2907.03(A)(1) was both warranted and required. Id.;Thomas, supra. Defendant had no right to prevent the lesser included offense instruction. Thomas, supra; State v. Paschal (Apr. 20, 2001), Montgomery App. No. 18262; Schmidt, at 171.
 {¶ 27} Defendant next asserts that the offense of sexual battery, based on a victim's impaired ability to appraise or control his or her own conduct, as set forth in R.C. 2907.03(A)(2), is not a lesser included offense of the related rape offense set forth in R.C. 2907.02(A)(1)(c).
 {¶ 28} Sexual battery as defined in R.C. 2907.03(A)(2) provides that "[n]o person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender knows that the other person's ability to appraise the nature of or control the other person's own conduct is substantially impaired."
 {¶ 29} The related rape statute, R.C. 2907.02(A)(1)(c), provides that "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when * * * [t]he other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age."
 {¶ 30} In support of his assertion that sexual battery under R.C.2907.03(A)(2) is not a lesser included offense of rape under R.C.2907.02(A)(1)(c), defendant first contends that the mens rea requirement in the rape statute is satisfied by a showing that the offender either had "actual knowledge" or had "reasonable cause to believe." Defendant argues that "reasonable cause to believe" is a lesser mens rea requirement than "actual knowledge," which defendant asserts is required for sexual battery under R.C. 2907.03(A)(2). Accordingly, defendant contends, because the rape offense can be committed with a lesser mental state than the sexual battery offense, the rape offense is not a greater offense than the sexual battery offense.
 {¶ 31} Contrary to defendant's contention, sexual battery under R.C.2907.03(A)(2) does not require that the offender act with "actual knowledge." Rather, the statute merely requires that the offender act "knowingly." R.C. 2901.22(B) defines "knowingly" as follows:
A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
Because "knowledge" as defined above requires no more than a person's belief that a set of circumstances "probably" exist, rather than the person's absolute or actual knowledge that the circumstances are in fact true, the mental state attributable to the offender in both the sexual battery and the rape statute at issue is the same, i.e., knowledge. SeeIn re Sechler (Aug. 29, 1997), Trumbull App. No. 96-T-5575. Thus, the mens rea element for rape under R.C. 2907.02(A)(1)(c) is not lesser than the mens rea for sexual battery under R.C. 2907.03(A)(2).
 {¶ 32} Defendant next contends that sexual battery as defined in R.C.2907.03(A)(2) cannot be a lesser included offense of rape as defined in R.C. 2907.02(A)(1)(c) because the sexual battery provision applies to a broader range of individuals and is broader in scope than the related rape provision. Specifically, defendant argues that the rape provision applies only to people whose ability to resist or consent is impaired because of a mental or physical condition, while the sexual battery provision has no such "limitation" and instead applies broadly to circumstances where the victim's judgment or control over his or her own conduct is impaired. Defendant maintains that because the rape offense is narrower in scope than the sexual battery offense, the sexual battery offense cannot be a lesser included offense of the related rape offense.
 {¶ 33} We agree with the Eleventh District in Sechler that, although the mental state of knowledge attributable to the offender in both offenses is the same, the other elements are hierarchical in nature. Id. That is, proof of a substantial impairment of the victim's ability to resist or consent would necessarily include proof that the victim's ability to appraise the nature of or control his or her own conduct is substantially impaired, but the converse is not necessarily true. We differ from Sechler, however, in our determination that the additional element of proof required for the rape offense not found in the sexual battery offense is proof that the victim's substantial impairment is due to a mental or physical condition or because of advanced age. CompareSechler, supra (determining that the additional element of proof in the rape offense is that the offender not only knew, but also had reasonable cause to know of the impairment). Under either analysis, sexual battery under R.C. 2907.03(A)(2) is a lesser included offense of rape under R.C.2907.02(A)(1)(c), and the trial court did not err in so instructing the jury.
 {¶ 34} Because each of the statutory grounds of sexual battery upon which the trial court instructed the jury is a lesser included offense of rape, defendant was not deprived of his constitutional right to notice of the charges against him. The trial court did not err in instructing the jury on the lesser included offense of sexual battery, and defendant's first assignment of error is overruled.
 {¶ 35} Defendant's second assignment of error challenges the trial court's denial of defendant's motion to dismiss due to pre-indictment delay where the offense allegedly occurred on January 14, 2000 and the indictment was not filed until August 22, 2002. Defendant contends the pre-indictment delay violated his right to due process and resulted in prejudice to defendant because the witnesses who testified at trial had memory problems and other witnesses who were present when the alleged offense occurred could not be located to testify on defendant's behalf at trial.
 {¶ 36} The United States Supreme Court has explained that, "to prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." United States v. Lovasco (1977), 431 U.S. 783,796, 97 S.Ct. 2044. To warrant dismissal on the basis of pre-indictment delay, a defendant must present evidence establishing actual, substantial prejudice. State v. Walls, 96 Ohio St.3d 437, 452-453, 2002-Ohio-5059, ¶51, citing State v. Whiting (1998), 84 Ohio St.3d 215, 217; State v.Luck (1984), 15 Ohio St.3d 150, certiorari denied (1985), 470 U.S. 1084,105 S.Ct. 1845. Once the defendant fulfills that burden, the state has the burden of producing evidence of a justifiable reason for the delay. Id. The proof of actual prejudice must be specific, particularized and non-speculative. State v. Peoples, Franklin App. No. 02AP-945, 2003-Ohio-4680, at ¶ 30.
 {¶ 37} Here, although defendant may have suffered some prejudice as a result of the delay between the date the victim filed her police complaint, and the date the indictment against defendant was filed, defendant's claims of prejudice are speculative at best. Peoples, supra. Defendant has failed to show that any lapses of memory on the part of the prosecution's witnesses caused him to suffer actual, substantial prejudice, and he has failed to demonstrate that the testimony of missing witnesses would have been exculpatory, rather than inculpatory, in nature.
 {¶ 38} Defendant's further claim, that the trial court failed to hold a hearing on his motion to dismiss the indictment or to have the hearing transcribed as required by Crim.R. 22, is without merit. The record reflects that a hearing on defendant's motion was held on November 7, 2002, and the transcript of the hearing was filed in the trial court on January 16, 2004. Defendant's second assignment of error accordingly is overruled.
 {¶ 39} In his third assignment of error, defendant asserts the trial court erred when it allowed the victim's mother to opine that the victim was telling the truth about this incident. Specifically, during direct examination of the victim's mother, the prosecutor asked the mother what her daughter's demeanor was when she told her mother about the incident. The mother testified that her daughter was crying and very upset. In response to the prosecutor's asking whether her daughter had ever lied to her before, the mother replied that all children tell fibs growing up. Upon the prosecutor's further inquiring whether she had a hunch her daughter was fibbing to her about the incident, the mother replied, "[n]o, definitely not." (Tr. 126.) Defendant argues that the jury may have accorded undue weight to the mother's testimony that her daughter, the victim in this case, was not lying about the incident. Defendant contends that although defense counsel made no objection to the mother's testimony, the court's error in allowing the testimony is cognizable as plain error because of its extremely prejudicial effect on defendant's right to a fair trial.
 {¶ 40} Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial: (1) "there must be an error, i.e., a deviation from a legal rule," (2) the error must be plain, that is, an error that constitutes "an `obvious' defect in the trial proceedings," and (3) the error must have affected "substantial rights" such that "the trialcourt's error must have affected the outcome of the trial." (Emphasis added.) State v. Barnes (2002), 94 Ohio St.3d 21, 27; State v. Gross,97 Ohio St.3d 121, 2002-Ohio-5524, ¶ 45. The decision to correct a plain error is discretionary and should be made "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Barnes, supra, quoting State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 41} Defendant has failed to make the requisite showing of prejudice to be afforded relief here. Defendant does not contend that the testimony at issue "must have affected the outcome of the trial." Rather, defendant contends only that the "testimony was extremely prejudicial and could have easily affected the outcome of the case." (Defendant's brief on appeal, at 43.) The record does not support defendant's contention. The testimony of the victim's mother was limited in scope. Two other witnesses, who were with the victim at the apartment where the alleged sexual battery occurred, testified at greater length regarding what the victim said following the incident, and they generally corroborated the victim's version of the events surrounding the incident. Further, defense counsel's cross-examination of the mother lessened any prejudicial bolstering of the victim's credibility through her mother's testimony, as defense counsel elicited testimony from the mother that the victim had lied to her the night of the incident about where she was going. In sum, defendant has failed to show that the outcome of the trial would have been different but for the mother's testimony with which defendant now takes issue. Defendant's third assignment of error is overruled.
 {¶ 42} Having overruled each of defendant's assignments of error, we affirm defendant's conviction.
Judgment affirmed.
Lazarus, P.J., and Bowman, J., concur.