DECISION
{¶ 1} Defendant-appellant, Ronald S. Cain, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas pursuant to a verdict finding appellant guilty of one count of sexual battery after a trial to the bench. *Page 2 
 {¶ 2} The grand jury indicted appellant on one count of rape. Appellant waived his right to a jury trial. The trial court heard testimony from the victim and the investigating detective on behalf of the prosecution. The defense defended on a general theory of complete consent, as the sexual conduct in question took place under a date scenario in which the victim voluntarily came to appellant's house for dinner. In addition to cross-examination of the prosecution's witnesses, the defense presented only the testimony of appellant's immediate next door neighbor, who testified that, on the evening in question, the weather was very warm, windows were open, and he heard no emotion or evidence of struggle or protest out of appellant's apartment.
 {¶ 3} At the close of evidence, the trial court, over defense objection, stated that it would consider the lesser-included offense of sexual battery in addition to the rape charge. The court then convicted appellant of sexual battery, and at a subsequent hearing sentenced appellant to five years community control, conditioned on drug and alcohol counseling, and classified appellant as a sexually-oriented offender.
 {¶ 4} Appellant brings the following sole assignment of error:
 THE TRIAL COURT ERRED WHEN IT FOUND APPELLANT GUILTY OF THE LESSER INCLUDED OFFENSE OF SEXUAL BATTERY.
 {¶ 5} The crime of rape, under R.C. 2907.02(A)(2), is defined as follows:
 No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.
Sexual battery, under R.C. 2907.03(A)(1), is defined as follows: *Page 3 
 (A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:
 (1) The offender knowing coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution.
The offenses therefore differ in mens rea, knowingly for sexual battery versus purposely for rape, and degree of compulsion applied to the victim, coercion for sexual battery and force or threat of force for rape.
 {¶ 6} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." State v. Deem (1988),40 Ohio St.3d 205, paragraph three of the syllabus; see, also, R.C. 2945.74 and Crim.R. 31(C).
 {¶ 7} The trial court's decision to allow the finder of fact, whether a jury or the court itself in a bench trial, to consider a lesser-included offense will be reviewed on appeal under an abuse-of-discretion standard. State v. Darrington, Franklin App. No. 06AP-160, 2006-Ohio-5042. The court may submit consideration of the lesser-included offense to the finder of fact where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser-included offense.State v. Thomas (1988), 40 Ohio St.3d 213, paragraph two of the syllabus. *Page 4 
 {¶ 8} The Supreme Court of Ohio has held that sexual battery committed by use of coercion as defined in R.C. 2907.03(A)(1) is a lesser-included offense of forcible rape, State v. Wilkins (1980), 64 Ohio St.2d 382, and we have applied that holding in a case comparable to the one before us. State v. Strieker, Franklin App. No. 03AP-746, 2004-Ohio-3557. The sole issue before us in this appeal, therefore, is whether the trial court abused its discretion when it found, based upon the evidence heard at trial, that the evidence warranted instruction or consideration of the lesser offense because it would reasonably support both an acquittal of the crime charged and conviction upon the lesser-included offense, or whether the trial court improperly considered a "compromise offense[ ]" that could not possibly be sustained by the evidence. Wilkins, at 387. The victim in this case testified that she knew appellant because he shopped at her place of employment, and that her daughter had furnished the victim's phone number to appellant. The victim eventually accepted an invitation to have dinner with appellant in his apartment. During the course of this dinner date, the parties engaged socially, discussed pictures of appellant's family, consumed small amounts of alcohol, and ate dinner. At one point, appellant asked to kiss the victim, who consented, but then rebuffed him when he became too aggressive.
 {¶ 9} After dinner, appellant again tried to kiss the victim, who again rebuffed him and told appellant that she was nervous. After a further interlude of conversation, appellant again began kissing the victim, and, over her protestations, began undressing her. *Page 5 
 {¶ 10} The victim testified that she repeatedly told appellant "no" and that she "didn't want to do this." (Tr. at 23-24.) Despite the victim's repeated attempts to stop appellant, he gradually progressed to intercourse with her.
 {¶ 11} Afterwards, appellant told the victim that he believed she did not want that to happen, to which the victim replied that she had not. Appellant then expressed concern that the victim would tell people that he had done something wrong, to which she replied no. She testified that she told him this because she was concerned about whether he would allow her to leave if she stated that she intended to accuse him of sexual misconduct. The victim then left the apartment, at which time she kissed appellant on the cheek, again because she was concerned about his reaction if they left on bad terms. After driving away, the victim burst into tears and, upon arriving home, told her daughter what had happened. The daughter called police, and, somewhat reluctantly, the victim made a statement at the Grove City Police Department and was taken to the hospital for a physical examination.
 {¶ 12} In addition to the neighbor's testimony that no unusual noise or activity was heard from appellant's apartment on the night in question, the investigating detective testified that, both upon initial interview with appellant and subsequent conversations, appellant has always maintained that all sexual conduct between appellant and the victim was entirely consensual.
 {¶ 13} The evidence before the trial court was sufficient for a finder of fact to conclude that either (1) appellant had employed force in compelling sexual acquiescence by the victim, but had done so knowingly, rather than purposely, *Page 6 
distinguishing battery from rape on the mens rea of the actor; or (2) that appellant had not employed force, but nonetheless sufficient coercion to cause submission by the victim who would otherwise have demonstrated resistance typical of a person of ordinary resolution.Wilkins, at 386-387; Stricker at ¶ 25.
 {¶ 14} In accordance with the foregoing, we find that the trial court did not err in considering the lesser-included offense of sexual battery in appellant's case, and ultimately convicting appellant of that crime. Appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KLATT and TYACK, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1