OPINION
{¶ 1} Defendant-appellant, Martin Eberth, IV, appeals a decision of the Mahoning County Common Pleas Court finding him guilty of one count of sexual battery, following a bench trial. Eberth advances three principal arguments: (1) the trial court improperly convicted him of an offense not charged and which also was not a lesser included offense of the charged offense of rape; (2) his conviction was based upon insufficient evidence; (3) and his conviction was against the manifest weight of the evidence.
 {¶ 2} In the late evening hours of Friday, April 16, 2004, Shannon Nesbitt (Nesbitt), along with her boyfriend Donald Warrick (Warrick) and two of his friends, went to Bill's Place, a bar located in Austintown Township, Mahoning County, Ohio. Nesbitt drank alcohol there and continued drinking when they went to Styx, another Austintown bar, for last call in the early morning hours of Saturday, April 17, 2004. While at Styx, Nesbitt encountered defendant-appellant, Martin Eberth, IV (Eberth) and he offered her cocaine. They later dropped Eberth off at a nearby card party and went home. After a falling out with her boyfriend, Nesbitt returned to the party without him and eventually fell asleep.
 {¶ 3} When Nesbitt awoke later that morning, she and Eberth returned to Bill's Place. They both continued drinking alcohol and they each ingested cocaine which Eberth had supplied. They then also returned to Styx where they both continued to consume alcohol and ingest cocaine. At some point, Nesbitt became so intoxicated she passed out and Eberth carried her to her car. In response to a phone call Nesbitt had made earlier, her two friends, Michelle Pack and Jennifer King, went to Styx some time later. They opened the back door of her car and found her unconscious, lying on Eberth's lap with his middle finger in her vagina. Eberth fled on foot and they summoned police.
 {¶ 4} Police and an ambulance arrived. Paramedics had to administer drugs to Nesbitt in order to wake her. She was taken to the hospital and treated by a nurse who specialized in attending to possible sexual assault victims. Nesbitt's last recollection of anything was being in Styx bar with Eberth. *Page 2 
 {¶ 5} On May 27, 2004, the Mahoning County Grand Jury indicted appellant on three counts in relation to the incident. Count one was for rape, in violation of R.C. 2907.02(A)(2)(B), a first-degree felony. Count two was rape, in violation of R.C. 2907.02(A)(1)(a), a first-degree felony. Count three was gross sexual imposition, in violation of R.C. 2907.05(A)(2)(B), a fourth-degree felony.
 {¶ 6} The matter proceeded to a bench trial. Eberth maintained that the encounter between himself and Nesbitt was entirely consensual. He acknowledged drinking alcohol with Nesbitt, but denied ever providing her with cocaine. He stated that it was Nesbitt who began kissing him and encouraged him to get into the backseat with her. Once there, he stated that Nesbitt kissed him, they partially removed their clothing, and that Nesbitt began to masturbate him. According to him, he was too inebriated and tired to attain an erection and fell asleep or passed out only to be awakened later by Pack and King.
 {¶ 7} At the close of plaintiff-appellee's case, Eberth moved for a Crim. R. 29 judgment of acquittal. The trial court granted Eberth's motion as to count one (rape) and found him not guilty of counts two (rape) and three (gross sexual imposition). However, the court did find Eberth guilty of the lesser-included offense of sexual battery, in violation of R.C. 2907.03(A)(2), a third-degree felony. The court sentenced Eberth to one year in prison. This appeal followed.
 {¶ 8} As an initial aside, in its responsive brief the State argued that Eberth could not support his assignments of error concerning sufficiency and weight of the evidence since he had failed to file the trial transcript. Subsequently, this court allowed him leave to file it.
 SEXUAL BATTERY LESSER INCLUDED OF RAPE {¶ 9} Eberth's first assignment of error states:
 {¶ 10} "Appellant was denied due process, see, U.S. CONST., amend. XIV
and OHIO CONST., art. I, §§ 1, 2, 10, and 16, when the trial court found him guilty of an offense not charged in the indictment, and which was not a lesser included offense of an indicted offense." *Page 3 
 {¶ 11} There is a constitutional requirement that a criminal defendant has notice of the offense(s) charged against him. Sixth Amendment to the United States Constitution; Section 10, Article I of the Ohio Constitution. However, notwithstanding Eberth's implicit assertion to the contrary, if the offense is a lesser included offense of the crime charged, notice is presumed. State v. Schmidt (1995),100 Ohio App.3d 167, 171, 652 N.E.2d 254.
 {¶ 12} Eberth's main argument under this assignment of error is that sexual battery is not a lesser included offense of rape. In State v.Deem (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus, the Ohio Supreme Court set out the test used to determine whether one offense constitutes a lesser included offense of another:
 {¶ 13} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."
 {¶ 14} Sexual battery, as defined, states that "[n]o person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender knows that the other person's ability to appraise the nature of or control the other person's own conduct is substantially impaired." R.C. 2907.03(A)(2).
 {¶ 15} Rape, as defined, states that "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender * * * when * * * [f]or the purpose of preventing resistance, the offender substantially impairs the other person's judgment or control by administering any drug, intoxicant, or controlled substance to the other person surreptitiously or by force, threat of force, or deception." R.C. 2907.02(A)(1)(a).
 {¶ 16} Eberth concedes that the first Deem element is met here; sexual battery carries a lesser penalty than rape. See R.C. 2907.03(B) and2907.02(B), respectively. However, Eberth does argue that the second element is not met. He relies heavily on the Eighth District Court of Appeals decision in State v. Bryan *Page 4 
(1998), 127 Ohio App.3d 573, 713 N.E.2d 494. In Bryan, the Eighth District concluded that sexual battery was not a lesser included offense of rape, reasoning:
 {¶ 17} "The second element of Deem is not demonstrated because the greater offense can be committed without having also committed the lesser offense. In the case of the `lesser' offense, it must be proven that sexual conduct occurred between the offender and another not the spouse of the offender, and that the offender knew that the victim's ability to control his or her conduct or comprehend his or her actions was substantially impaired. Proof of the greater offense requires considerably more: it must be proven that the sexual conduct occurred; that the offender administered a drug or intoxicant to the victim, which action substantially impaired the victim's judgment or control; and that such action by the offender was taken so as to prevent resistance by the victim. These additional elements, having the offender take positive action to impair the victim's control or judgment by personally administering a drug or intoxicant to the victim and having the offender's purpose to prevent resistance by the victim, prove fatal in classifying the offense of sexual battery under R.C. 2907.03(A)(2) as a `lesser included offense' to rape under R.C. 2907.02(A)(1)(a). SeeState v. Collins (1977), 60 Ohio App.2d 116, 127-128, 14 O.O.3d 94,101-102, 396 N.E.2d 221, 229-230 (offenses of sexual battery under R.C. 2907.03[A][2] and [A][3] are not lesser included offenses of rape under R.C. 2907.02[A][1]); accord State v. Workman (1984), 14 Ohio App.3d 385,393, 14 OBR 490, 498-499, 471 N.E.2d 853, 863-864."
 {¶ 18} In response, the State takes issue with Bryan's reasoning and case law support. The State argues that the reasoning employed inBryan is flawed because the "additional elements" it identified "should not negate the lesser-included offense from also occurring during the commission of the greater offense." (State's Brief, p, 10-11.) The State adds that the additional elements identified by the Bryan court concernDeem's third element, not its second. The State stresses thatDeem's second element requires a simple comparison of the elements of the two offenses. Under this comparison, the State maintains that when a rape is committed, every element of sexual battery is also committed. *Page 5 
 {¶ 19} The State also argues that Bryan's reliance on the Third District Court of Appeal's decision in State v. Collins (1977),60 Ohio App.2d 116, 127-128, 14 O.O.3d 94, 101-102, 396 N.E.2d 221, was misplaced. Indeed, both the Tenth and Eleventh District Court of Appeals have concluded that sexual battery under R.C. 2907.03(A)(2) is a lesser included offense of rape under R.C. 2907.02(A)(1)(c). State v.Stricker, 10th Dist. No. 03AP-746, 2004-Ohio-3557; In re Sechler (Aug. 29, 1997), 11th Dist. No. 96-T-5575.
 {¶ 20} In a footnote under this assignment of error, Eberth states that Bryan was "approved and followed" by this court in State v.Evans, 153 Ohio App.3d 226, 2003-Ohio-3475, 792 N.E.2d 757. InEvans, this court examined whether negligent assault is a lesser included offense of assault. We determined that it was not because negligent assault contains the additional element of a deadly weapon or dangerous ordnance. To illustrate the second prong of the Deem test a variety of different cases were referenced following a "see" cite. One of those cases was the Bryan case to show that a court had found sexual battery is not a lesser included offense of rape. Our citation toBryan was merely by way of example and in no way should be construed as this court approving and following the substantive analysis employed by it.
 {¶ 21} While not directly on point, the Tenth District's decision inStricker is helpful. In Stricker, the court was determining whether sexual battery (R.C. 2907.03[A][2]) was a lesser included offense of rape (R.C. 2907.02[A][1][c]). Rape, as defined in subsection (c) as opposed to subsection (a) involved here, states that "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender * * * when * * * [t]he other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age." R.C. 2907.02(A)(1)(c). While the rape offense involved in Stricker included the additional element of the victim's mental or physical condition or advanced age, the rape offense involved here deals with the *Page 6 
additional element of offender induced substantial impairment. What is key is that both offenses involved "substantial impairment," regardless of how it is induced.
 {¶ 22} The Tenth District concluded that sexual battery under R.C. 2907.03(A)(2) was a lesser included offense of rape under R.C. 2907.02(A)(1)(c), reasoning:
 {¶ 23} "We agree with the Eleventh District in [In re Sechler (Aug. 29, 1997), 11th Dist. No. 96-T-5575] that, although the mental state of knowledge attributable to the offender in both offenses is the same, the other elements are hierarchical in nature. Id. That is, proof of a substantial impairment of the victim's ability to resist or consent would necessarily include proof that the victim's ability to appraise the nature of or control his or her own conduct is substantially impaired, but the converse is not necessarily true." Id. at ¶ 33.
 {¶ 24} The Tenth District's reasoning in Stricker is persuasive. The only difference between Stricker and this case is the specific subsection of rape charged in each case. Stricker involved R.C. 2907.02(A)(1)(c) where the additional element of the victim's mental or physical condition or advanced age was the cause of their substantial impairment. This case deals with R.C. 2907.02(A)(1)(a) which involves the offender giving the victim any drug, intoxicant, or controlled substance in order to induce the substantial impairment. In either case, when compared to sexual battery, "proof of a substantial impairment of the victim's ability to resist or consent would necessarily include proof that the victim's ability to appraise the nature of or control his or her own conduct is substantially impaired, but the converse is not necessarily true." Id. at ¶ 33. Therefore, the second element ofDeem is established.
 {¶ 25} Turning to the third Deem element, the State makes a good point regarding the Eighth District's analysis in Bryan. Bryan concluded that the second Deem element was not met because proof of the greater offense of rape requires considerably more. While true, this fact does not concern Deem's second element that the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed. Rather, it meetsDeem's *Page 7 
third requirement that some element of the greater offense is not required to prove the commission of the lesser offense.
 {¶ 26} Based on the foregoing, we find that sexual battery under R.C. 2907.03(A)(2) is a lesser included offense of rape under R.C. 2907.02(A)(1)(a). Accordingly, Eberth's first assignment of error is without merit.
 SUFFICIENCY OF THE EVIDENCE {¶ 27} Eberth's second assignment of error states:
 {¶ 28} "Appellant was denied due process, see, U.S. Const., amend. XIV
and OHIO CONST., art. I, §§ 1, 2, and 16 when the trial court overruled his motion for judgment of acquittal pursuant to OHIO CRIM. R. 29 and convicted him of the `lesser included' offense of sexual battery for which there was insufficient evidence."
 {¶ 29} Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict.State v. Smith (1997), 80 Ohio St.3d 89, 113, 684 N.E.2d 668. In essence, sufficiency is a test of adequacy. State v. Thompkins (1997),78 Ohio St.3d 380, 386, 678 N.E.2d 541. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Smith, 80 Ohio St.3d at 113,684 N.E.2d 668.
 {¶ 30} The trial court found Eberth guilty of sexual battery. Sexual battery, as defined, states that "[n]o person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender knows that the other person's ability to appraise the nature of or control the other person's own conduct is substantially impaired." R.C. 2907.03(A)(2).
 {¶ 31} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). *Page 8 
 {¶ 32} Because the term "substantially impaired" is not defined in the Ohio Revised Code, the Ohio Supreme Court has held that it "must be given the meaning generally understood in common usage." State v.Zeh (1987), 31 Ohio St.3d 99, 103, 31 OBR 263, 509 N.E.2d 414. The Court elaborated, adding "substantial impairment must be established by demonstrating a present reduction, diminution or decrease in the victim's ability, either to appraise the nature of his conduct or to control his conduct. This is distinguishable from a general deficit in ability to cope, which condition might be inferred from or evidenced by a general intelligence or I.Q. report." Id. at 103-104. Also, this court has noted that "`[s]ubstantial impairment' need not be proven by expert medical testimony; it may be proven by the testimony of persons who have had some interaction with the victim and by permitting the trier of fact to obtain its own assessment of the victim's ability to either appraise or control her conduct." State v. Hillock, 7th Dist. No. 02-538-CA, 2002-Ohio-6897, at ¶ 21.
 {¶ 33} Eberth maintains that there was no evidence that Nesbitt was "substantially impaired" or, if she was, that he had knowledge of it. Eberth suggests that while he and Nesbitt may have exercised poor judgment, there is no evidence that he committed a crime and that she simply had "buyer's remorse" since she considered him a "loser." (Eberth's Brief, p. 13.)
 {¶ 34} Eberth likens his case to State v. Schmidt, 8th Dist. No. 88772, 2007-Ohio-4439. Schmidt, along with two of his male friends, met two women, JG and G, who were also friends, at a bar. They all consumed alcohol and later returned to the hotel where Schmidt and his friends had been staying. Schmidt and one of the women returned to his hotel room. She later recalled her journey from the bar to the hotel, testifying that she walked and talked in a normal manner, drove to the hotel, and parallel parked her car out front. Once in the room, she remembered consenting to various sexual activities, but maintained that she did not consent to vaginal intercourse. She slipped in out of consciousness, finding at one point that Schmidt had his penis inside of her without her consent. Subsequently, while acquitted of rape in violation of R.C. 2907.02(A)(1)(c), Schmidt was found guilty of sexual battery in violation of R.C. 2907.03(A)(2). *Page 9 
 {¶ 35} On appeal, the Eighth District Court of Appeals reversed Schmidt's conviction. It concluded that there was insufficient evidence going to the element of Schmidt's knowledge of JG's impairment, reasoning:
 {¶ 36} "There is nothing in this record that would enable a trier of fact to reasonably conclude that defendant was aware that JG was substantially impaired to the point that it affected her ability to control his or her conduct. While JG may very well have intended to stop short of engaging in vaginal intercourse with defendant and subjectively felt substantially impaired during her sexual activities, we cannot conclude that defendant knew of JG's condition beyond a reasonable doubt. While she testified that she said `no,' she also testified that she repeatedly continued to engage in very intimate consensual sexual activity with defendant. She said nothing to defendant following the incident. And, the other person, who was present in the bathroom during the entire incident, did not hear any conflict between defendant and JG. The outward signs JG exhibited indicated that she was aware of her surroundings, was able to operate her vehicle, park it by the hotel, and walk and talk in a `normal' fashion. While JG claims she might have been in and out of consciousness, there is no evidence that defendant noticed this. Further, JG had specific recall of all the events of that night, with the sole exception of the very moment defendant engaged in vaginal intercourse. Moments after the encounter with defendant, she described being able to employ a relatively elaborate plan to find her friend's whereabouts in the hotel. Then, she got back in her car and drove home without difficulty." Id. at ¶ 46.
 {¶ 37} Eberth also equates his case with that of State v. Doss, 8th Dist. No. 88443, 2008-Ohio-449. In reviewing whether the alleged victim was substantially impaired, the Eighth District Court of Appeals inDoss observed:
 {¶ 38} "In the instant case, J.P. [the alleged victim] testified that she was intoxicated on the New Year's Eve in question. The doctor who examined J.P. the next day testified that, in his professional opinion, J.P.'s symptoms were consistent with someone who was inebriated the night before, and that when one is inebriated, his or her ability to make typical judgments is decreased. Additionally, Kristen Collins, *Page 10 
a bartender at Club Moda who was working that night, testified as follows: between midnight and 2:30 a.m., Collins served J.P. nothing but water; J.P. was very drunk; J.P. was carrying on conversations, sitting, standing or dancing with appellant, Wiles, and Simpkins; when J.P. was sitting, she was `[s]lumping, like she was sitting on the bench but she was just like-kind of, like slumping, not sitting up straight. Not really aware, * * * looked very drunk.' Collins also testified that she heard the group talking about appellant giving J.P. a ride home and then saw J.P., appellant, and Wiles leave the club together. Specifically, Collins testified that `I saw [J.P.], I saw her get up, and I saw her walk out the door with * * * Doss and Wiles. I saw her walk past the bar, she walked past the bar, and the last I saw of them, they were headed either for the bathrooms, or the side door.' Collins added that she was unable to tell if J.P. was walking out on her own or if she was leaning on appellant and Wiles." Id. at ¶ 19.
 {¶ 39} The Doss court acknowledged that J.P. may have been substantially impaired. However, the court concluded there was insufficient evidence to establish that Doss had knowledge of J.P.'s substantial impairment. Id. at ¶ 20. Focusing, in part, on Doss' uncontradicted written statement that he provided to police, the only evidence of sexual conduct between Doss and J.P. was his own admission and he never commented on J.P.'s level of impairment. Id. Additionally, the court concluded that J.P.'s inability to recall the incident was not evidence that she did not consent or that Doss knew she was substantially impaired. Id. at ¶ 21. The court also noted that the bartender's observations of J.P. that evening were not enough to prove that Doss had knowledge of J.P.'s level of impairment. Id. at ¶ 22.
 {¶ 40} In this case, there was sufficient evidence to establish each of the elements of sexual battery. There was evidence that Eberth engaged in sexual conduct with Nesbitt. Both Michelle Pack and Jennifer King testified that when King opened the rear driver's side door to Nesbitt's vehicle, they discovered Nesbitt lying on her back across Eberth's lap. Her bra and shirt were above her breasts and her pants and underwear were below her knees. Nesbitt was unconscious and Eberth had his left middle finger inserted into her vagina. (Tr. 109-110, 250.) Testimony that a defendant placed his finger inside the victim's vagina is sufficient to prove digital *Page 11 
vaginal penetration and, therefore, sexual conduct. State v.Crosky, 10th Dist. No. 06AP-655, 2008-Ohio-145, ¶ 56.
 {¶ 41} Next, Eberth had to have known that Nesbitt's ability to appraise the nature of or control her own conduct was substantially impaired. She had consumed large amounts of alcohol and ingested cocaine. The last thing Nesbitt remembers before being awakened by EMT's in an ambulance is being in the bar. (Tr. 35.) Miles Erkman, a patron at the bar that day, testified that he observed Nesbitt passed out at the bar and indicated in a statement to police that Eberth tried to carry her out of the bar, dropping her several times and refusing any assistance, but ultimately succeeding in carrying her out of the bar. (Tr. 156-157, 160.) Another patron, John Williams, testified that Nesbitt was passed out at the bar and that Eberth carried her out of the bar. (Tr. 214.)
 {¶ 42} The Schmidt and Doss cases, cited by Eberth, do not help his own. There is a tangible difference in the facts presented. The victim in Schmidt slipped in and out of consciousness. Eberth's testimony aside, there was no evidence that Nesbitt exhibited "outward signs" of her being aware of her surroundings at the time of the incident. Also, unlike in Schmidt, here Nesbitt herself never acknowledged that there was any type of consent on her part. To the contrary, there was evidence to establish that Nesbitt was unconscious between the time Eberth carried her from the bar to the time Pack and King discovered them in the back of Nesbitt's vehicle. To the extent that Eberth's testimony contradicted others on that point, it was the trier of fact's prerogative to determine whose testimony was more credible and reliable.
 {¶ 43} In Doss, the only evidence of sexual conduct between the defendant and the victim was the defendant's own admission that there was sexual conduct which he believed to be consensual. Here, while Nesbitt herself could not recall any sexual conduct, two eyewitnesses, Pack and King, observed Eberth with his finger inside an unconscious Nesbitt's vagina. Additionally, two other witnesses, Erkman and Williams, who were in the bar just prior to the incident, observed Eberth carry an unconscious Nesbitt out of the bar. *Page 12 
 {¶ 44} Based on all of the foregoing, there was sufficient evidence to convict Eberth of the sexual assault of Nesbitt. Accordingly, Eberth's second assignment of error is without merit.
 WEIGHT OF THE EVIDENCE {¶ 45} Eberth's third assignment of error states:
 {¶ 46} "The Trial Court Erred by Entering a Conviction Against the Manifest Weight of the Evidence."
 {¶ 47} Eberth argues that his conviction was against the manifest weight of the evidence. He contends that the evidence was contradicted. Specifically, he points out that while Pack and King claimed to have seen Eberth with his finger in Nesbitt's vagina, that is not what they told police who responded to the scene of the incident. Eberth also highlights the lack of physical evidence of trauma and to the absence of any evidence of force or that he administered any drugs to Nesbitt.
 {¶ 48} In determining whether a verdict is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541. "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" (Emphasis sic.) Id. In making its determination, a reviewing court is not required to view the evidence in a light most favorable to the prosecution but may consider and weigh all of the evidence produced at trial. Id. at 390.
 {¶ 49} Eberth's argument under this assignment of error is fundamentally misguided. He poses numerous questions in an attempt to characterize the State's evidence as incredible, rather than credible. But more importantly, he takes issue with any suggestion that the incident somehow left him branded as a rapist. The point he misses is that the trial court found him guilty of sexual battery in violation of R.C. 2907.03(A)(2), not rape. Any suggestion that he did not ply Nesbitt with drugs or *Page 13 
force her to engage in the sexual conduct is completely irrelevant to the charge of sexual battery. Whether he administered drugs to Nesbitt or forced her into sexual conduct are elements of the crime of rape, not sexual battery. The fact that Nesbitt was unconscious during the sexual conduct was more than enough to prove that she was substantially impaired for purposes of sexual battery. How she wound up that way is not relevant to the crime of sexual battery.
 {¶ 50} Here, Eberth's conviction was not against the manifest weight of the evidence. All of the factual evidence previously detailed under Eberth's second assignment of error supports this determination. To the extent that Eberth construes the testimonial evidence as contradictory, determinations of witness credibility, conflicting testimony, and evidence weight are primarily for the trier of the facts. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
 {¶ 51} Accordingly, Eberth's third assignment of error is without merit.
 {¶ 52} The judgment of the trial court is hereby affirmed.
 Waite, J., concurs. DeGenaro, P.J., concurs. *Page 1