DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Dennis Staab, appeals from his conviction for gross sexual imposition in the Lorain County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On January 28, 2003, Appellant was indicted on one count of gross sexual imposition in violation of R.C. 2907.05(A)(1), a fourth degree felony. The indictment was the result of allegations made by B.A. involving an incident at the Lorain YMCA. B.A. alleged that on October 30, 2002, he was fondled by Appellant in a bathroom stall at the YMCA. B.A. informed the police that he had been swimming at the YMCA and had left the pool area to use the bathroom. He stated that while in a bathroom stall, Appellant approached from behind him, reached around his body, and fondled B.A.'s penis and testicles.
 {¶ 3} On October 5, 2004, the matter proceeded to a jury trial. During the trial, B.A. reiterated the statement that he had given to the police. In addition, his friends and family testified that his demeanor drastically changed following the alleged incident. At the conclusion of the State's case, Appellant moved for acquittal arguing that the State had failed to prove the element of force required for a conviction for gross sexual imposition. The trial court denied that motion, finding that a reasonable jury could find that the State had proven force beyond a reasonable doubt.
 {¶ 4} Following the State's case, Appellant took the witness stand and denied any wrongdoing. At the close of trial, Appellant requested that the jury be charged with the lesser included offense of sexual imposition, again arguing that the State had not proven the element of force required to sustain a conviction for gross sexual imposition. His request was denied, and the jury returned a verdict of guilty on the sole charge in the indictment. The jury reached its verdict following aHoward charge, given by the trial court judge after he was informed that the jury could not reach a verdict. Appellant timely appealed his conviction, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"In the trial of an indictment charging the offense of [gross] sexual imposition, R.C. 2907.05(A)(1), the trial court committed prejudicial error by denying appellant's request for a jury instruction on the lesser included offense of sexual imposition, R.C. 2907.06(A)(1)[.] * * *"
 {¶ 5} In his sole assignment of error, Appellant argues that the trial court erred in failing to instruct the jury on the lesser included offense of sexual imposition. Specifically, Appellant avers that a reasonable jury could have found that the State had proven that sexual contact had occurred without the use of force. We disagree.
 {¶ 6} When reviewing a trial court's jury instructions, this Court reviews the record to determine whether the trial court's decision to give or decline to give a requested jury instruction constitutes an abuse of discretion under the facts and circumstances of the case. State v.Wolons (1989), 44 Ohio St.3d 64, 68. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} R.C. 2907.05(A)(1) provides as follows:
"No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
"(1) The offender purposely compels the other person, or one of the other persons, to submit by force or threat of force."
In turn, R.C. 2907.06(A)(1) provides:
"No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
"(1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard."
Sexual imposition is a lesser included offense of gross sexual imposition. See State v. Collier (Jan. 18, 1989), 9th Dist. No. 13709 (noting that the difference between the two crimes is the additional element of force necessary in gross sexual imposition); see, also, Statev. Didio (May 19, 1988), 8th Dist. No. 53745; State v. Cechura (May 8, 2001), 7th Dist. No. 99CO74. While a crime may constitute a lesser included offense, it does not follow that a lesser included offense instruction is mandatory; "[a]n instruction on a lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser-included offense." State v. Carter (2000), 89 Ohio St.3d 593, 600.
 {¶ 8} In the instant matter, the State contends that giving an instruction on the lesser included offense would have been inconsistent with Appellant's defense that he was innocent. The Ohio Supreme Court has previously addressed the issue of a defendant raising a complete defense and requesting a jury instruction on a lesser included offense.
"If the evidence adduced on behalf of the defense is such that if accepted by the trier of fact it would constitute a complete defense to all substantive elements of the crime charged, the trier of fact will not be permitted to consider a lesser included offense unless the trier of fact could reasonably find against the state and for the accused upon one or more elements of the crime charged, and for the state and against the accused on the remaining elements, which, by themselves, would sustain a conviction upon a lesser included offense.
"The persuasiveness of the evidence regarding the lesser included offense is irrelevant. If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser offense must be given. The evidence must be considered in the light most favorable to defendant." State v. Wilkins (1980),64 Ohio St.2d 382, 388.
 {¶ 9} As such, Appellant's claim of innocence did not preclude an instruction on the lesser included offense. R.C. 2901.01(A)(1), however, defines force as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." The trial court heard testimony as follows. Appellant approached B.A. from behind in a bathroom stall. Upon approaching B.A., Appellant pressed his body up against B.A., and reached around B.A.'s body to fondle him. Based upon the configuration of the bathroom stall, Appellant blocked the entire stall exit. Appellant, therefore, constrained B.A. by reaching around his body while blocking B.A's only means of escape. Viewing the evidence in a light most favorable to Appellant, we find that a reasonable trier of fact could not find that the element of force was lacking in the alleged incident.
 {¶ 10} In State v. Thomas (Mar. 15, 1990), 8th Dist. No. 56652, the element of force was proven by the victim's testimony that she was alone and in a confined space, his car, with the appellant.[1] In that matter, the 8th District found that "the jury had before it substantial evidence from which it could reasonably conclude that appellant compelled [the victim] to submit to the touching by force or threat of force." Id. at 9. In the instant matter, we are presented with substantially similar facts and the additional fact that B.A. was only thirteen at the time of the offense, as opposed to the adult victim in Thomas.
 {¶ 11} As a result, under the facts and circumstances presented here, we cannot say that the trial court's refusal to give an instruction on the lesser included offense was unreasonable or arbitrary. Accordingly, the trial court did not abuse its discretion in refusing to give the requested jury instruction. Appellant's sole assignment of error is overruled.
 III. {¶ 12} Appellant's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Batchelder, J. Concur
[1] While Thomas presented a manifest weight challenge to a conviction, we find its reasoning regarding confined spaces to be analogous.