[Cite as *Martin v. Steiner*, 2020-Ohio-3403.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

| | | |
|---|---|---|
| WILLIAM F. MARTIN | | C.A. No. 19AP0026 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| SANDRA A. STEINER, et al. | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellees | | CASE No. 2016 CVC-H 00452 |

DECISION AND JOURNAL ENTRY

Dated: June 22, 2020

---

TEODOSIO, Judge.

{¶1} William F. Martin appeals the judgment of the Wayne County Court of Common Pleas granting judgment in favor of Sandra A. Steiner and Linden W. Steiner. We affirm.

I.

{¶2} At the heart of this case is a dispute between siblings as to the disposition of the family farm after the death of their father. In 1998, Chester W. Martin, the father of William F. Martin and Sandra A. Steiner, signed a power of attorney document appointing Sandra as his attorney-in-fact. In December 2003, Chester signed a survivorship deed conveying real property ("the farm") to himself and Sandra for their joint lives, with the remainder to the survivor of them. The deed was recorded in January 2004. Chester passed away on July 28, 2013, at the age of 95, and Sandra was named the fiduciary of the estate. In 2014, Sandra executed a survivorship deed conveying the farm to herself and her husband, Linden W. Steiner.

{¶3}    In September 2016, William filed a complaint for declaratory judgment, intentional interference with the expectancy of inheritance, and punitive damages against Sandra and Linden. William sought to have the 2004 deed, and consequently the 2014 deed, declared void or invalid based upon lack of consideration, undue influence, the violation of fiduciary duty, and because the 2004 deed was not prepared by the grantor.

{¶4}    A trial was conducted in January 2017, and at the conclusion of the presentation of his case-in-chief, William dismissed his cause of action for intentional interference of an expectancy of inheritance, thereby leaving only the declaratory judgment action. Sandra subsequently motioned the trial court to dismiss the jury and try the case as a bench trial on the grounds that the surviving cause of action for declaratory judgment would properly be heard by the court. Sandra also motioned the court for a directed verdict.

{¶5}    After determining the matter would not be considered by the jury, the trial court granted the motion for a directed verdict and dismissed the remaining cause of action pursuant to Civ.R. 41(B)(2), and reduced its determination to writing by way of a judgment entry filed on January 10, 2017. William filed an appeal to this Court, which we dismissed for lack of jurisdiction because the trial court's entry had not properly resolved the claim for declaratory judgment. William then motioned the trial court to vacate the January 10, 2017, judgment entry, arguing that the declaratory judgment action should have been submitted to the jury. The trial court denied the motion to vacate and subsequently entered its final judgment on May 18, 2017. William again appealed to this Court, and we reversed and remanded in part, concluding that the trial court erred in applying the family gift presumption rather than a presumption of undue influence, which arose because of the fiduciary relationship that had been created between Chester and Sandra by virtue of the power of attorney.

{¶6}    Upon remand, the declaratory judgment claim was tried to a jury in April 2019. In finding in favor of the defendants, the jury determined by interrogatories that Sandra and Linden had rebutted the presumption of undue influence by a preponderance of the evidence and that William had failed to prove undue influence by clear and convincing evidence. William now appeals the judgment entered by the trial court, raising eight assignments of error. Sandra and Linden have filed a cross-assignment of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT CONSTRUING THE 2003 DEED WAS A DEED OF PURCHASE AS THE LANGUAGE OF THE DEED CONTROLS THE ISSUE OF ITS VALIDITY.

{¶7}    In his first assignment of error, William argues the trial court erred by not construing the 2003 as a deed of purchase. We disagree.

{¶8}    In his complaint, William sought a declaratory judgment that the deed in question was "void" or "invalid." In returning its verdict in favor of Sandra and Linden, the jury answered two separate interrogatories: (1) "Did the defendants, Steiner, rebut by a preponderance of the evidence the presumption the 2003 deed is void because it was the result of undue influence?"; and (2) "Did plaintiff William Martin prove by clear and convincing evidence, that the 2003 deed is void because it was the result of undue influence?" The jury answered the first interrogatory in the affirmative and the second in the negative. The trial court's judgment entry reflected these determinations.

{¶9}    Under this assignment of error, William states that the trial court "was required to declare the nature of the 2003 deed as a deed of purchase to determine its validity." Given the answers to the interrogatories provided by the jury and the verdict in favor of the defendants,

William fails to establish any theory, authority, or mechanism by which the trial court would have been required to render a determination that the deed in question was a deed of purchase, regardless of whether such a determination would have been factually and legally correct. Because William fails to identify any basis by which the trial court would have been required to issue a declaration that the deed was a deed of purchase, we cannot conclude the trial court erred by not doing so. Moreover, had the trial court included such a declaration within its judgment entry, it would have been outside the findings made by the jury.

{¶10} We further note that even if we were to conclude that the trial court should have construed the deed to be a deed of purchase, William has failed to establish any prejudice. This issue is further explored under the second assignment or error. To the extent that William again raises this point with regard to the jury instructions, that argument is addressed under the fourth assignment of error.

{¶11} William's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT DECLARING THE 2003 DEED INVALID BECAUSE THE TRANSACTION WAS A DEED OF PURCHASE BETWEEN A FIDUCIARY AND HER PRINCIPAL WHERE NO ACTUAL CONSIDERATION WAS PAID.

{¶12} In his second assignment of error, William argues the trial court erred by not declaring the 2003 deed invalid based on it being a deed of purchase between a fiduciary and her principal where no actual consideration was paid. We disagree.

{¶13} As in the first assignment of error, William fails to set forth any theory, authority, or mechanism by which the trial court would have been required to issue such a declaration. This assignment fails on these grounds alone. Because, however, William here asserts prejudice by

arguing the deed was invalid based upon a failure of consideration, we will address the legal argument contained therein.

{¶14} William contends the deed is invalid because it is a purchase deed between a fiduciary and principal where no consideration was paid. For these purposes we will start with the assumption that William's premise is correct, and that the deed in question is a purchase deed. "[W]hen a deed contains a recital of a valuable consideration received from the grantee, it is to be construed as a deed of purchase, and parol evidence may not be used to show that it was instead a deed of gift." *Grimes v. Grimes*, 4th Dist. Washington No. 08CA35, 2009-Ohio-3126, ¶ 22, quoting *McCoy v. AFTI Properties, Inc.*, 10th Dist. Franklin No. 07AP-713, 2008-Ohio-2304, ¶ 11. William contends that the language of the deed is clear and was conveyed for "valuable consideration paid." He also contends that no consideration was actually paid. However, "under Ohio law, parol evidence may not be used to contradict the clear, unambiguous language that valuable consideration has been paid." *Id.* at ¶ 24.

{¶15} William was not without any recourse however; although he could not use parol evidence to change the legal operation of the deed, it was appropriate for him to introduce parol evidence to prove undue influence, which could lead to the equitable rescission of the deed. *See id.* at ¶ 26. The jury in this matter, however, concluded he failed to do so.

{¶16} Furthermore, we find no authority to support the proposition that a purchase deed between a fiduciary and principal is per se invalid where no consideration was paid. To that point, William's reliance upon *Weygandt v. Ward* is misplaced. In *Weygandt*, the appellee received a life estate in real property after the deaths of his parents. *Weygandt v. Ward*, 9th Dist. Wayne No. 12CA0004, 2013-Ohio-1937, ¶ 2. The will provided that if he sold any of the land, he was required to divide the proceeds with his sisters. *Id.* After selling 240 acres for $240,000.00, some of the

sisters and their descendants filed suit to declare the sale void on the basis that the brother had breached his duty of good faith by selling the land for over $900,000.00 under market value. *Id.* at ¶ 5-6. On appeal, this Court recognized that the brother, as a "quasi trustee" for his sisters, would be in breach of his fiduciary duty if the sale of the farm was made with inadequate consideration to constitute a good faith sale under the provisions of the will. *Id*. at ¶ 11-12; see *Weygandt v. Ward*, 9th Dist. Wayne No. 09CA0050, 2010–Ohio–2015, ¶ 12. These circumstances are not analogous to the case presently before us for review, and our holding in *Weygandt* does not support William's contention that the deed in question is invalid because no consideration was paid.

{¶17}  William's second assignment of error is overruled.

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT DIRECTING
A VERDICT FOR MARTIN AT THE CLOSE OF ALL THE EVIDENCE.

{¶18}  In his third assignment of error, William argues the trial court erred by not directing a verdict in his favor. We disagree.

{¶19}  This Court reviews a trial court's ruling on a motion for a directed verdict de novo to the extent that it presents a question of law. *Jarvis v. Stone*, 9th Dist. Summit No. 23904, 2008-Ohio-3313, ¶ 7. The focus of a motion for a directed verdict is on the sufficiency of the evidence as opposed to the weight of the evidence or the credibility of witnesses. *Id.*

{¶20}  William argues that he was entitled to a directed verdict because the 2003 deed was a purchase deed made without consideration, by a fiduciary, in violation of fiduciary duties. As we noted within our analysis of the second assignment of error, William has failed to support this argument with legal authority that would give credence to his theory. We find no error in the trial court not directing verdict in favor of William.

{¶21}  The third assignment of error is overruled.

ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT ERRED AS A MATTER OF LAW BY REFUSING TO INSTRUCT THE JURY THE 2003 DEED WAS A DEED OF PURCHASE, NOT A GIFT, DEFINE VALUABLE CONSIDERATION, AND IT WAS A SURVIVORSHIP DEED.

ASSIGNMENT OF ERROR FIVE

THE TRIAL COURT ERRED AS A MATTER OF LAW BY REFUSING TO INSTRUCT THE JURY ON THE FIDUCIARY DUTIES OF SANDRA A. MARTIN.

ASSIGNMENT OF ERROR SIX

THE TRIAL COURT ERRED AS A MATTER OF LAW BY REFUSING TO INSTRUCT THE JURY ON THE BREACH OF FIDUCIARY DUTY TO ACT IN GOOD FAITH BY MAKING A DEED WITH INADEQUATE CONSIDERATION.

ASSIGNMENT OF ERROR SEVEN

THE TRIAL COURT ERRED AS A MATTER OF LAW BY REFUSING TO INSTRUCT THE JURY ON THE BREACH OF THE FIDUCIARY DUTY TO MAKE FULL DISCLOSURE OF THE NATURE OF THE 2003 DEED TRANSACTION, ITS DETAILS, AND ITS RESULT.

ASSIGNMENT OF ERROR EIGHT

THE TRIAL COURT ERRED AS A MATTER OF LAW BY REFUSING TO INSTRUCT THE JURY ON THE ISSUE OF WHETHER THE 2003 DEED WAS INVALID AS A RESULT OF FRAUD.

{¶22}  We consider William's fourth, fifth, sixth, seventh, and eighth assignments of error together because all pertain to the trial court's instructions to the jury, and consequently, must necessarily fail on the same grounds.

{¶23}  "When reviewing a trial court's jury instructions, this Court reviews the record to determine whether the trial court's decision to give or decline to give a requested jury instruction constitutes an abuse of discretion under the facts and circumstances of the case." *State v. Staab*,

9th Dist. Lorain No. 04CA008612, 2005-Ohio-3323, ¶ 6. "The term 'abuse of discretion' * * * implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶24} We cannot adequately review these assignments of error because William has failed in his burden to provide us with an adequate record on appeal. When an appellant does not provide a complete record to facilitate our review, we must presume regularity in the trial court's proceedings and affirm. *State v. Jalwan*, 9th Dist. Medina No. 09CA0065–M, 2010–Ohio–3001, ¶ 12, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). The record provided to this Court does not contain a copy of the jury instructions, nor does the transcript of the proceeding provide the reading of the instructions to the jury. Likewise, the transcript does not contain a discussion of the jury instructions that was held in the trial court judge's chambers. We are therefore unable to review the content of the jury instructions.

{¶25} The fourth, fifth, sixth, seventh, and eighth assignments of error are therefore overruled.

CROSS-ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY DENYING THE STEINERS' MOTION FOR SUMMARY JUDGMENT BECAUSE WILLIAM MARTIN'S CLAIMS AS A MATTER OF LAW ARE BARRED BY THE STATUTE OF LIMITATIONS.

{¶26} In filing their sole assignment of error, Sandra and Linden acknowledge they have raised the assignment out an abundance of caution in the event that this Court would reverse judgment based upon William's assignments of error. Because we have overruled those assignments, the cross-assignment of error has been rendered moot and we therefore decline to address it.

III.

{¶27} William's eight assignments of error are overruled. We decline to address the cross-assignment of error. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

BRYAN K. BARNARD, Attorney at Law, for Appellant.

JAMES M. WHERLEY, JR. and WHITNEY L. WILLITS-MONROE, Attorneys at Law, for Appellees.